365 So.2d 388 (1978)
STATE of Florida DEPT. OF TRANSPORTATION, Appellant,
v.
Anthony BROMANTE, as Personal Representative of Keith Edward Bromante, Deceased, etc., et al., Appellees.
No. 77-2516.
District Court of Appeal of Florida, Fourth District.
September 13, 1978.
As Modified On Rehearing January 3, 1979.
H. Reynolds Sampson, Gen. Counsel, Alan E. DeSerio, Margaret-Ray Kemper and James W. Anderson, Tallahassee, for appellant.
Gerald M. Walsh & Associates, P.A., Fort Lauderdale, for appellee-City of Plantation.
Fleming, O'Bryan & Fleming, and Clifford B. Selwood, Jr., of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Fort Lauderdale, for appellees.
DOWNEY, Chief Judge.
Appellee sued appellant, The Florida Department of Transportation, and others for wrongful death arising out of design and maintenance of a highway intersection in Broward County, Florida. The trial court denied appellant's motion to dismiss the complaint against it based upon improper venue. That order is the subject of this appeal.
We reverse upon authority of Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977), and remand the case with directions to transfer the cause to the Circuit Court of Leon County.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS and ANSTEAD, JJ., concur.

ON PETITION FOR REHEARING
DOWNEY, Chief Judge.
Bromante sued the State of Florida Department of Transportation, Broward County and the City of Plantation for wrongful death arising out of the alleged negligent design, construction and maintenance of a street intersection located in the City of Plantation in Broward County. The trial court denied the Department of Transportation's motion to dismiss and we reversed by opinion filed September 13, 1975, and directed that, on remand, the cause be transferred to Leon County upon authority of Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977).
On Petition for Rehearing our attention has been directed to the incongruity of transferring the cause to Leon County, which results in requiring other State Agencies (Broward County and the City of Plantation) to defend litigation away from the seat of their official residence. We have been referred to only two cases which appear to be closely analogous;[1] in both the court held that the case could proceed in the venue laid by the plaintiff as to all defendants except the State Agency as to which the venue was improper. The case as to that defendant was ordered transferred to the proper venue. This, of course, necessitates the plaintiff's maintaining two suits instead of one, which is certainly not ideal but the remedy perhaps lies with the Legislature.
Accordingly, upon authority of Walker and Southern Gulf Utilities, supra, we grant the Petition for Rehearing and modify our previous opinion by directing that upon remand this cause as it affects only the State of Florida Department of Transportation be transferred to Leon County. As to the other defendants the cause shall proceed in Broward County.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] City of Boca Raton v. Walker, 354 So.2d 440 (Fla.3rd DCA 1978); Southern Gulf Utilities v. Mayo, 239 So.2d 146 (Fla.1st DCA 1969).