MOORE, Judge.
This interlocutory appeal attacks the denial of a motion to transfer venue. We affirm.
The plaintiff (appellee-Ford) sued the appellants and other defendants, including the State Department of Transportation (DOT), in Palm Beach County for the wrongful death of his wife. The trial court correctly granted DOT’s motion to transfer to Leon County that portion of the claim which was against DOT. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). Appellants thereupon moved to transfer the entire case to Leon County because of their pending cross-claim against DOT for indemnification and contribution. The denial of this latter motion forms the basis of this appeal.
Appellants contend that trying the issues involved amongst the various parties to this litigation in two different circuits before two different juries will result in chaos. Although we refrain from characterizing the results in such strong terms, we do appreciate the difficulties involved and the resultant confusion. Nevertheless, as we said in State of Florida, Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1978): “This, of course, necessitates the plaintiff’s maintaining two suits instead of one, which is certainly not ideal but the remedy perhaps lies with the Legislature.”
The trial court’s reliance on Bro-mante, however, is misplaced. There, the court was concerned with three defendant governmental agencies each of which had an absolute right to be sued in its county of residence. In recognition of City of Boca Raton v. Walker, 354 So.2d 440 (Fla.3rd DCA 1978) and Southern Gulf Utilities v. Mayo, 239 So.2d 146 (Fla. 1st DCA 1969), this Court determined that separate trials are permissible when a governmental agency exercises its right to be sued in its county of residence. Here, only one of three defendants has such an absolute right. When the claim against that defendant is transferred, the venue of the remaining claims is within the sound discretion of the trial court. See, Stowers Equipment Rental Co. v. Brown, 370 So.2d 1248 (Fla. 4th DCA 1979). We find no abuse of that discretion.
Accordingly, this cause is affirmed and remanded for further proceedings.
AFFIRMED.
LETTS, C. J., and HERSEY, J., concur.