ON MOTION TO DISMISS
COBB, Judge.
The appellants, Stuart and Sarah Taylor, were plaintiffs below and suffered a dismissal of their complaint for failure to pay costs taxed against them for a previous voluntary dismissal. The second dismissal was entered on July 25, 1980, and resulted from a “Motion For Dismissal With Prejudice.” The order of dismissal did not state that the cause was dismissed with prejudice, but it did adjudicate that “this cause is hereby dismissed.” It was not simply an order that granted the motion. Therefore, the order was final and appealable. Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). Just as occurred in the Gries case, more than thirty days elapsed and, thereafter, on September 24, 1980, the trial court entered an amended order allowing plaintiffs fifteen days to pay the delinquent costs, which were then paid. A “final judgment” was then entered on August 19, 1981, and the plaintiffs undertook an appeal, which includes the order of July 25, 1980. The appellees have moved to dismiss on the basis that the appeal is untimely, since the final order of dismissal dated July 25, 1980, was not appealed within thirty days. See Fla.R.App.P. 9.110(b). We agree. See Gries, 388 So.2d at 1283; Napp v. Dieffenderfer, 364 So.2d 534 (Fla. 3d DCA 1978).
Accordingly, this appeal is
DISMISSED.
ORFINGER and SHARP, JJ., concur.