418 So.2d 1239 (1982)
Robert E. LAWLER, M.D., Appellant,
v.
Tyree W. HARRIS, etc., et al., Appellees.
No. 81-1623.
District Court of Appeal of Florida, Fifth District.
September 8, 1982.
*1240 Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso, Mosely & Kabboord, P.A., Cocoa Beach, for appellant.
Henry J. Martocci, Cocoa, for appellees Oliver.
Harry Anderson of Anderson & Hurt, P.A., Orlando, for appellees Wuesthoff Memorial Hospital, Tyree W. Harris and M.M. Buchanan.
COBB, Judge.
This is an appeal from an order stating "that the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be, and the same is hereby granted, with prejudice." The question of the finality of such an order for purposes of appeal has been considered by two other District Courts of Appeal, with conflicting results. The Fourth District has held it to be a final, appealable order. Cordani v. Roulis, 395 So.2d 1276 (Fla. 4th DCA 1981); Segal v. Garrigues, 320 So.2d 475 (Fla. 4th DCA 1975). The Third District, in an opinion by Judge Pearson, has held that an order granting a motion to dismiss with prejudice is neither a judgment nor a final dismissal, the words "with prejudice" actually adding nothing of legal consequence, and therefore such is not a final, appealable order. Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). Cf. Taylor v. Hartford Accident & Indemnity Co., 405 So.2d 1070 (Fla. 5th DCA 1981).
We concur, in regard to the order's lack of finality, with the Gries opinion. We also agree with its solution to the problem: a temporary relinquishment of an inchoate jurisdiction rather than a non-productive and wasteful dismissal of the cause. Gries, 388 So.2d at 1282 n. 4. See also Dade County Classroom Teachers' Association, Inc. v. State Board of Education, 269 So.2d 657 (Fla. 1972); Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980); WBD, Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980), review denied, 388 So.2d 1114 (Fla. 1980); Sloman v. Florida Power & Light Company, 382 So.2d 834 (Fla. 4th DCA 1980).
We also note for the benefit of the trial court and the parties that, in the event that a final order is entered by the trial court, it should state with particularity the names of the defendants dismissed. There has been some confusion at the appellate level as to the proper appellees in this case, specifically as to the defendants Robert P. Oliver and Jane Oliver.
Accordingly, we relinquish jurisdiction to the trial court and remand this cause for thirty (30) days so that the parties may procure an appropriate final order of dismissal.
RELINQUISHED AND REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I agree that an order merely granting a motion and dismissing a complaint, but not dismissing the action, is a non-appealable, non-final order and that the addition of the words "with prejudice" does not make it a final order of dismissal of the cause. The entire reporter system is replete with cases dismissed because, as here, the appellate court lacked jurisdiction to review a non-appealable order, yet this court seizes on a few cases where, because of notions of kindness, helpfulness or convenience or for clarification where jurisdiction depended on the exact ground of dismissal, appellate courts have purportedly "relinquished" a non-existent jurisdiction to the trial court for entry of some anticipated appealable order. Such instances do not constitute precedent for the proposition that such action is the correct procedure when non-reviewable orders *1241 are attempted to be appealed.[1] This court today holds up a few single instances or exceptions of yesterday as examples of doctrine and embalms their presumed principle to rank hereafter as precedent. There is no such thing as "inchoate jurisdiction" as to a particular case. The term in this instance is a bad combination of two good legal concepts. A court either has jurisdiction of a particular cause or it does not. This court has no jurisdiction in this case to "relinquish" or to send back (remand) to the trial court. Dismissal of the appeal is the only correct remedy and procedure when the review sought is of a non-reviewable order.
NOTES
[1] In each of the cases cited in the majority opinion, as in this case, the parties, assuming the appellate court had jurisdiction, earnestly briefed and argued the merits of the cause (i.e., whether the complaint stated a cause of action of whether there was a genuine issue of fact precluding summary judgment) and the court first noticed its lack of jurisdiction and improvised and initiated this alien procedure. This does not properly create precedent. Actually the cases cited by the majority trace through Sloman v. Florida Power & Light Co., 382 So.2d 834 (Fla. 4th DCA 1980), to Williams v. State, 324 So.2d 74 (Fla. 1975), a criminal case upholding a premature notice of appeal filed after judgment was orally pronounced but before it was "rendered," a case and concept far removed from the civil cases and circumstances to which it has led.