438 So.2d 392 (1983)
BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY, Petitioner,
v.
Thomas G. GRICE and Lilla Grice, Personal Representatives of the Estate of Debbie Diane Grice, Respondents.
No. 62174.
Supreme Court of Florida.
September 22, 1983.
*393 Dominic M. Caparello of Messer, Rhodes & Vickers, Tallahassee, for petitioner.
Wilmer H. Mitchell, Pensacola, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of the district court of appeal decision in Grice v. Board of County Commissioners of Madison County, 413 So.2d 88 (Fla. 1st DCA 1982), which that court certified as having passed upon a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondents brought this wrongful death action on behalf of their deceased minor daughter against Tallahassee Memorial Hospital and the petitioner, Madison County. The complaint alleged that the respondents had contracted with Tallahassee Memorial Hospital to transport their daughter by ambulance to Gainesville, where the seriously ill girl was to have received medical treatment. It was alleged that while in Madison County the ambulance malfunctioned and became inoperable, requiring transfer of the patient to an ambulance owned and operated by Madison County. The second ambulance also failed, so that a third ambulance had to be obtained to transport the girl to the place of treatment. The plaintiffs alleged that both ambulances were defective in that they were improperly maintained or equipped and that the substantial delay resulting from such defects caused or contributed to their daughter's death.
The suit was filed in Leon County, the place where the original contractual relationship was entered into and the place of residence of one of the two defendants. Both defendants filed motions to dismiss. Madison County moved to dismiss on the ground that it had the right to be sued in the county of its official residence. The trial court granted the motions of both defendants and ordered the complaint dismissed. Plaintiffs-respondents moved for rehearing which was denied.
Respondents appealed that portion of the trial court's order that dismissed their complaint as to Madison County for improper venue. The district court of appeal reversed, holding that the home venue privilege is not absolute and must give way to other considerations where two governmental entities residing in different counties are sued as joint tortfeasors and the actions are unseverable. The district court certified the following as a question of great public importance:
Is an exception to the home venue privilege created when a plaintiff states an unseverable cause of action against joint tortfeasors which are governmental entities in separate counties?
413 So.2d at 90. We intend to modify the question somewhat in order to ground it on the facts we believe are properly before us. Although the district court opined that it would be "highly impractical" for the plaintiffs to maintain separate actions against the two defendants, we do not find that severability was specifically decided by the trial court or that there was a basis in the record for the appellate court to have determined the issue of severability. Nor do we believe that it was established that Tallahassee Memorial Hospital is an entity entitled to the home venue privilege. Furthermore, the question as we see it is not what circumstances will per se require an exception, but what circumstances will allow an exception as a discretionary matter. We find that the real issue presented by this case is whether a trial court should have the discretion to override the home venue privilege when a state agency or subdivision is sued as a joint tortfeasor. Subject to the qualifications discussed below, we answer this question in the affirmative and approve in part the decision of the district court of appeal.
Before discussing the principal issue we must first address a preliminary issue raised by the petitioner concerning the district court's jurisdiction over the appeal taken by the respondents. Petitioner points *394 out that although the notice of appeal was filed within thirty days of the trial court's second order ruling that venue was improper, it was not filed within thirty days of the original order. Petitioner argues that the original order was interlocutory in nature so that an appeal had to be filed within thirty days and that the time was not tolled by the filing of a motion for rehearing since such a motion is not authorized by the rules. See Fla.R.App.P. 9.020(g) & 9.130(b). Although an order concerning venue is ordinarily considered interlocutory, it may result in a final order dismissing the complaint. An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is. See Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). Since the original order in question here actually dismissed the complaint, it was a final order subject to a motion for rehearing. The filing of the motion for rehearing therefore tolled the time for filing the appeal. Since the notice of appeal was filed within thirty days of the trial court's denial of the motion for rehearing, the district court of appeal had jurisdiction.
Returning to the main issue at hand, we recognize that Florida is one of the jurisdictions in which the home county venue privilege for government bodies is derived from judicial development of the common law rather than legislative act. See Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). Most states have statutes requiring that governmental entities be sued where their headquarters are located. Annot., 48 A.L.R.2d 423 (1956). Where venue is thus regulated by statute, courts are often reluctant to interfere with the express provision of the legislature. See State v. Superior Court of County of Pima, 120 Ariz. 273, 585 P.2d 882 (1978). There is a modern trend, however, toward allowing exceptions to such statutory requirements where government bodies are sued as joint tortfeasors. See Lawless v. Village of Park Forest South, 108 Ill. App.3d 191, 63 Ill.Dec. 936, 438 N.E.2d 1299 (1982); Hoffman v. Bos, 56 Mich. App. 448, 224 N.W.2d 107 (1974); Peaceman v. Cades, 272 Pa.Super. 568, 416 A.2d 1042 (1979). In the cited cases, the courts recognized that even under modern venue statutes the right of governmental defendants to insist on venue at their headquarters is not absolute. Lawless v. Village of Park Forest South. Modern methods of communication and transportation have weakened the policy reasons supporting the privilege while current crowded court docket conditions have strengthened the policy reasons for avoiding duplicative litigation if possible. Hoffman v. Bos.
In the present case the trial court, in granting the county's motion to dismiss for improper venue, relied upon Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). There we held that the statutory waiver of sovereign immunity did not affect the common-law privilege of the state and its agencies and subdivisions to be sued in the county where the principal headquarters were located. The Court declined to make an exception to the privilege for actions based in tort. We reasoned that the home venue privilege "promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower." 354 So.2d at 364.
Frequently, however, these beneficial purposes are not furthered when the governmental defendant is sued as a joint tortfeasor. In such cases the district courts, in attempting to follow the dictates of Carlile, have been ordering severance of lawsuits that would normally be tried in a single proceeding. See, e.g., Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981); County of Volusia v. Atlantic International Investment Corp., 394 So.2d 477 (Fla. 1st DCA 1981); Liberty Mutual Insurance Co. v. Ford, 392 So.2d 354 (Fla. 4th DCA 1981); Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980); State Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1979); City of Boca Raton v. Walker, 354 So.2d 440 (Fla. 3d DCA), cert. denied, 359 So.2d 1221 (1978). The result, of course, is separate proceedings requiring increased use of public resources. The benefit of money saved by state agencies and subdivisions by not having to defend against lawsuits filed outside their home counties must now be weighed *395 against the increased costs incurred in the operation of the courts, costs which are paid in substantial part by all taxpayers. Therefore, the objective of minimizing public expenditures in the operation of the courts is not furthered when the home venue privilege results in multiple lawsuits. We therefore hold, as did the district court, that the home venue privilege for government entities is not absolute.
We hold further that a trial court has discretion to dispense with the home venue privilege when a governmental body is sued as a joint tortfeasor. The exercise of this discretion must be guided by considerations of justice, fairness, and convenience under the circumstances of the case. In its discretion the trial court may retain the entire case, sever and transfer the cause of action against the entity asserting the privilege if it is severable, or transfer the entire case. The home venue privilege, although not absolute, should be given substantial consideration in this process along with the other circumstances presented and the interests of the other parties.
The decision of the district court of appeal is approved in part and quashed in part. This cause is remanded with directions that the trial court reconsider Madison County's motion to dismiss for improper venue in a manner consistent with this opinion.
It is so ordered.
ALDERMAN, C.J., ADKINS, OVERTON and McDONALD, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which ADKINS and OVERTON, JJ., concur.
EHRLICH, Justice, specially concurring.
I concur with the majority opinion, but I write separately to emphasize a procedural detail which may serve to avoid potential injustice.
Debbie Grice died on March 1, 1978. Her parents instituted this action on February 29, 1980, the last possible day before the statute of limitations barred their claim. See § 95.11(4)(d), Fla. Stat. (1977). Although the rules of civil procedure specify that an order to dismiss a claim grounded on a venue objection is not ordinarily an adjudication on the merits and therefore does not bar refiling the case in the appropriate venue, Florida Rule of Civil Procedure 1.420, in this instance such a dismissal did foreclose the possibility of refiling because the claim was by then barred by the statute of limitations.
The majority opinion states that, in the face of an appropriate venue objection, the action may be severed and transferred or the entire action may be transferred pursuant to Florida Rule of Civil Procedure 1.060(b). Transferring an action circumvents the operation of the statute of limitations and promotes the ends of justice. I would adopt Henry Trawick's eminently practical and legally sound delineation of the common law distinction between defensive motions which bar an action and defensive motions which abate an action, both of which are included in Florida Rule of Civil Procedure 1.140(b). H. Trawick, Trawick's Florida Practice and Procedure § 10-3 (1981 ed.) The former address flaws in the merits of the case  lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted  and support an order dismissing the cause of action. The other four defenses listed in rule 1.140(b) are technical flaws in the manner in which the case is initiated and should result in an order holding the case in abeyance until a curative action can be taken. In the instance of a venue objection, the curative action should be automatic transfer to the proper venue. Id. §§ 5-7, 5-8.
The occasions on which a statute of limitations bar and an order dismissing a cause of action for improper venue combine to foreclose a valid claim are probably rare. Nonetheless, it ill behooves us to condone a harsh result, however rare, when the rules of procedure provide a practical and equitable means of avoiding that result entirely.
ADKINS and OVERTON, JJ., concur.