478 So.2d 428 (1985)
Mark SALASKY and Patricia Salasky, His Wife, Appellants,
v.
HUMANA HOSPITAL KISSIMMEE AUXILIARY, INC., Etc., Appellee.
No. 85-925.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
Nolan Carter, P.A., Orlando, for appellants.
J. Charles Ingram and G.B. McVay Voght of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellee.

ON MOTION TO DISMISS
COBB, Chief Judge.
This is an appeal from an order which states, in pertinent part:
ORDERED as follows: The complaint is dismissed on the authority of Crenshaw v. Sarasota County Public Hospital Board, 466 So.2d 427 (Fla.2d DCA 1985).
Appellee has moved to dismiss the appeal because the order did not dismiss the complaint "with prejudice," citing Berenyi v. Halifax Hospital District, 451 So.2d 524 (Fla. 5th DCA 1984). We reject appellee's argument. As explained by the Florida Supreme Court in Board of County Commissioners of Madison County v. Grice, 438 So.2d 392, 394 (Fla. 1983), "An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is." (Emphasis supplied.) See also Taylor v. Hartford Accident and Indemnity Co., 405 So.2d 1070 (Fla. 5th DCA 1981); Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla.3d DCA 1980); Raphael v. Carner, 194 So.2d 298 (Fla. 4th DCA 1967). Here the order actually dismissed the complaint and therefore it was a final, appealable order. The order in Berenyi, on the other hand, merely granted a motion to dismiss, and therefore Berenyi is distinguishable. The language in Berenyi which indicated that dismissal of a complaint must be made "with prejudice" in order to be final and appealable was merely dictum and was not in conformity with previous decisions of this and other courts.[1]
The motion to dismiss is
DENIED.
SHARP and COWART, JJ., concur.
NOTES
[1] In Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982), this court adopted the view expressed in Gries Inv. Co. v. Chelton, 388 So.2d 1281 (fla.3d DCA 1980), and held that an order granting a motion to dismiss with prejudice is neither a judgment nor a final dismissal, the words "with prejudice" actually adding nothing of legal consequence, and therefore such is not a final, appealable order.