550 So.2d 557 (1989)
Kay ARCANGELI, Appellant,
v.
ALBERTSON'S, INC., Appellee.
No. 89-383.
District Court of Appeal of Florida, Fifth District.
October 26, 1989.
*558 David S. Glicken, Orlando, for appellant.
Michael A. Miller of Whittaker, Stump & Webster, P.A., Orlando, for appellee.
EN BANC
COBB, Judge.
The dispositive issue in regard to this appeal is jurisdiction. The trial court entered an order merely granting the defendant Albertson's motion for summary judgment. The order is not an appealable final judgment. Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982); Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980); and McCready v. Villas Apartments, 379 So.2d 719 (Fla. 5th DCA 1980).[1]
In Lawler, confronted with the problem of an appealed order's lack of finality, we adopted the solution suggested by the Third District in Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980): a temporary relinquishment of an inchoate jurisdiction in order for the parties to obtain a final appealable order, without an outright dismissal of the pending appeal. It is now apparent that our Lawler remedy has not induced attorneys to avoid the appellate pitfalls of orders merely granting motions for dismissal and for summary judgment.
We now agree with our sister courts in the Fourth and First Districts with respect to this problem. See Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987); and Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986). It is time to end the Lawler experiment, which has failed, and adopt a stricter policy of dismissal, so as to motivate the appellate bar to furnish us with appealable orders. As a matter of judicial economy, we can no longer babysit "inchoate" appeals by relinquishing jurisdiction to the trial courts, so that they may do what should have been done in the first instance.
We hereby dismiss the instant appeal for lack of jurisdiction. We have considered this order En Banc for the purpose of receding from Lawler v. Harris, which we now do.
APPEAL DISMISSED.
DANIEL, C.J., and DAUKSCH, SHARP, COWART and GOSHORN, JJ., concur.
NOTES
[1] Language added to an order granting a plaintiff's motion for summary judgment can give the order the necessary declaration of finality. Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561 (1931).