PER CURIAM.
This is an appeal by the plaintiff Justo Diaz from a trial court order dismissing with prejudice a complaint which pleads a cause of action for false arrest and false imprisonment. Contrary to the defendant Metro-Dade Police Department’s position, we have jurisdiction to entertain this appeal as having been taken from a final order of the circuit court. Art. V, § 4(b)(1), Fla. Const. The cases relied on by the defendant to contest our jurisdiction are inapplicable to the instant case as in those cases the order appealed from merely granted the defendant’s motion to dismiss “with prejudice,” Lawler v. Harris, 418 So.2d 1239, 1240 (Fla. 5th DCA 1982), receded from on other grounds, Arcangeli v. Albertson’s, Inc., 550 So.2d 557 (Fla. 5th DCA 1989); Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980); Barnes v. Ross, 386 So.2d 812, 813 n. 1 (Fla. 3d DCA 1980); by way of contrast, the order appealed from in the instant case directs that the subject complaint “be and the same is hereby dismissed with prejudice.” Under prevailing Florida case law, this is clearly a final appealable order which we have jurisdiction to review. Board of County Comm’rs v. Grice, 438 So.2d 392, 393-94 (Fla.1983); Salasky v. Humana Hosp. Kissimmee Auxiliary, Inc., 478 So.2d 428 (Fla. 5th DCA 1985).
The basis for the dismissal order below was that the subject complaint was, on its face, barred by the applicable four-year statute of limitations. § 95.11(3), Fla. Stat. (1983). Without dispute, more than four years elapsed from the date the plaintiff was allegedly arrested by the Hialeah Gardens Police Department based on an alleged mistaken entry in a police computer made by the defendant Metro-Dade Police Department. We agree that the false arrest/false imprisonment claim accrued at the time of the plaintiff’s arrest, rather than several years later when the plaintiff allegedly discovered the subject computer error, and, accordingly, the claim as contained in the subject complaint and the proposed amended complaint on rehearing was facially barred by the statute of limitations. Leatherwood v. City of Key West, 347 So.2d 441, 442 (Fla. 3d DCA 1977) (holding that a cause of action for false arrest and imprisonment accrues on the day of plaintiff's arrest), cert. denied, 358 So.2d 131 (Fla.1978); Nardone v. Reynolds, 333 So.2d 25, 33, 40 (Fla.1976); City of Miami v. Brooks, 70 So.2d 306, 308-09 (Fla.1954).
The final order of dismissal under review is, therefore, in all respects,
Affirmed.