574 So.2d 1207 (1991)
STATE of Florida, Appellant,
v.
Todd D. SAUFLEY, Appellee.
No. 89-1971.
District Court of Appeal of Florida, Fifth District.
February 21, 1991.
*1208 Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
James P. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.

ON REHEARING EN BANC
HARRIS, Judge.
In response to the State's motion for rehearing we grant the motion, withdraw our previous opinion, and substitute the following.

JURISDICTION
The issue is whether an order granting a motion to suppress, rather than an order suppressing evidence, is an appealable order. In Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982) this court held that an order granting a motion to dismiss with prejudice was neither a judgment nor a final dismissal and was, therefore, not a final appealable order. This court elected to temporarily relinquish its inchoate jurisdiction rather than enter a dismissal of the cause which would have required more judicial labor at the trial and appellate level. Seven years later, we retreated from the Lawler solution because it failed to persuade attorneys to avoid appellate pitfalls by insuring that they obtain appropriate orders. Arcangeli v. Albertson's, Inc., 550 So.2d 557 (Fla. 5th DCA 1989). See also McPheeters v. Tolbert, 561 So.2d 18 (Fla. 5th DCA 1990). Arcangeli involved the granting of defendant's motion for summary judgment. Both Lawler and Arcangeli were civil cases.
The original panel dismissed the appeal because the trial court granted a motion to suppress evidence rather than enter an order suppressing evidence. Although this was a highly technical reason, the original panel felt bound by the en banc opinion in Arcangeli (as well as the opinion in Lawler). That panel saw no reason to distinguish criminal cases from civil cases or to require less from criminal lawyers than from civil lawyers. But the remedy is harsh and, though symmetrical, may be unjustified and unnecessary. Upon reconsideration we note the Supreme Court's admonition that we seek to avoid, not foster, a hypertechnical application of the law and to avoid placing form over substance. Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983).
Rather than distinguish between civil and criminal cases, it may be more helpful to determine the intended effect (and practical result) of the order appealed. For example, an order merely granting a motion for summary judgment (as in Arcangeli) is not intended to be nor does it represent the final action on the subject. If the order granting the motion for summary judgment is for plaintiff, then a summary judgment granting the requested relief must follow; if for defendant, a summary judgment disposing of the matter and assessing costs, if applicable, must enter. Arcangeli is a correct statement of the law when the issue is summary judgment and we adhere to it.
In Lawler the trial court "granted the motion to dismiss the complaint with prejudice." We held that the order was not appealable because the court granted a motion to dismiss rather than dismissing the complaint or action. When one considers form versus substance, this is a close call. Probably a great majority of lawyers and judges would interpret "granting a motion to dismiss the complaint with prejudice" as meaning the complaint was dismissed and could not be amended  thus having the practical effect of dismissing the action. Clearly the judge and the attorneys in Lawler interpreted it that way. It would have been better form in Lawler if the order had said "the motion to dismiss is granted and the action is dismissed with prejudice." Unfortunately, when it comes to drafting orders, all lawyers and trial judges are not perfect. Further, it appears that drafting perfection was not accomplished even by remanding cases by the time Arcangeli came about and this court expressed its resulting frustration in that opinion. But since we are convening en banc it could be argued that the original *1209 panel suffers from that same human frailty  imperfection.
In our original opinion we held that the order granting the motion to suppress was not appealable. Certainly it would have been in better form if the order had stated: "motion to suppress is granted and the evidence is suppressed." Then it would have complied technically with Rule 9.140(c)(1)(B), Rules of Appellate Procedure. But the substance of the order was that the evidence was not going to be admitted at trial and the court and the lawyers understood that.
In summary judgment cases there should indeed be a summary judgment. In cases requiring final action there should indeed be final action  but we should not insist on magic words to determine finality. In cases suppressing evidence or dismissing a count of an information  the evidence must be suppressed or the count dismissed, but we should look at the effect of the order, not just its language to determine if it comes within the rule.
It should be substance over form and merit, whenever possible, over procedure.
Upon reconsideration, we hold the order granting a motion to suppress is appealable.

ON THE MERITS
Todd Saufley was observed driving in excess of the speed limit. His car was weaving back and forth across the road. Although the pursuing officer followed Saufley with his siren on and lights flashing, Saufley proceeded approximately two miles before stopping in his front yard. Once Saufley exited his vehicle, he appeared to have difficulty in maintaining his balance; he exuded a strong smell of alcohol. His eyes were bloodshot and his skin was flushed. He was arrested for driving under the influence.
As the officer was putting Saufley in his patrol car, he was accosted by Saufley's girlfriend and paused to explain why he was making the arrest. It was 2-3 minutes after the arrest that the officer finally was able to search Saufley's vehicle where cannabis was found in a paper bag inside a green deposit bag. Saufley was then also charged with possession of cannabis.
Although contrary to the officer's testimony, Saufley contends that he was out of his truck and about to enter his house when the officer pulled up. He urges that since he was arrested after he was outside his truck, the search could not have been incident to arrest. The trial judge must have agreed because, although he upheld the arrest as proper, he suppressed the evidence found in the truck. We disagree and reverse.
Saufley relies on this court's opinion in State v. Bennett, 516 So.2d 964 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988). This reliance is misplaced. In Bennett we held that an arrest which was a pretext to carry out a pre-planned, warrantless search of a vehicle could not validate the subsequent search. We held that the State could not itself create the exigent circumstances to justify the lack of a proper warrant. These are not the facts in the case before us. Here the court found the arrest proper  not a pretext to justify a warrantless search. The fact that the search occurred after Saufley was placed in the patrol car and approximately 2-3 minutes after the arrest does not affect the validity of the search incident to arrest. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. McLendon, 490 So.2d 1308 (Fla. 1st DCA 1986), rev. denied, 500 So.2d 544 (Fla. 1986).
REVERSED and REMANDED for further proceedings.
DAUKSCH, COBB, GOSHORN, PETERSON and GRIFFIN, JJ., concur.
COWART, J., concurs in result only with opinion with which W. SHARP and DIAMANTIS, JJ., concur.
COWART, Judge, concurring in result only.
District Courts of Appeal have jurisdiction to review by appeal three classes of *1210 orders of trial courts: (1) final orders[1] as described in Florida Rule of Appellate Procedure 9.030(b)(1)(A); (2) those interlocutory[2] (non-final) orders of circuit courts in civil cases described in Florida Rule of Appellate Procedure 9.130, and (3) those final and non-final orders in criminal cases described in Florida Rule of Appellate Procedure 9.140. If an order falls within one of those classes a District Court of Appeal has jurisdiction to review it by appeal, otherwise the court does not have jurisdiction. In these cases, the jurisdiction of the appellate court depends on the character of the appealed order as being, or not being, within the description of the orders authorized to be appealed.
With exceptions not relevant here, the Florida Supreme Court has consistently held that:
the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected. (emphasis added.)
S.L.T. Warehouse Company v. Webb, 304 So.2d 97, 99 (Fla. 1974).
An understanding of whether a particular order is final or not requires an understanding of a few basic legal concepts, including the difference between a complaint[3] and a "cause,"[4] what "judicial labor" is, and when and how a court terminates a "cause." It takes different actions to achieve or accomplish different results and it takes different words to describe those different actions and results. It is not merely a matter of semantics, or magic words, or technicalities, or subjective intent. It is a matter of using words that clearly and precisely describe and differentiate between substantively different actions that have profoundly different legal results. The jurisdiction of a district court of appeal to review an order by appeal depends on the nature, character and legal effect of the appealed order and not the subjective intention of the lawyer drawing, or the judge signing, the order.
Sometimes orders can be drawn so as to end all judicial labor in a particular case and to, therefore, constitute "final orders" which are broadly appealable as such under Florida Rule of Appellate Procedure 9.030(b)(1)(A); while another order entered in response to the same motion can be drawn (intentionally or unwittingly) so as to leave further judicial labor to be done in the cause and to, therefore, constitute an interlocutory (non-final) order, which may, or may not, be appealable under Rule 9.130 or Rule 9.140. For example, orders granting certain motions in civil actions (such as motions to dismiss the action, motions for final summary judgment, and motions for judgment on the pleadings) are not appealable as non-final orders under Rule 9.130(a)(3)[5] but, if drawn in such form as to constitute the final judicial labor in the cause, can constitute "final orders" appealable under Rule 9.030(b)(1)(A). However, if an order merely grants such a motion, or is otherwise in such form as will require the entry of another "final order" actually dismissing the action or entering judgment, then the first order does not constitute a "final order" appealable as such under Rule 9.030(b)(1)(A) and attempted appeals of such non-final orders are subject to dismissal for lack of jurisdiction as held in *1211 Arcangeli v. Albertson's Inc., 550 So.2d 557 (Fla. 5th DCA 1989). Arcangeli merely holds that an order to be appealable as a final order under Rule 9.030(b)(1)(A) must end the judicial labor in the cause and that an order merely granting a motion to dismiss, as in Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982), (see, e.g., Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980)) or an order merely granting a motion for a summary judgment, as in Arcangeli, are not final orders appealable under Rule 9.030(b)(1)(A). It is a misunderstanding of the rationale in Arcangeli to state or assume that Arcangeli simply holds that any order merely granting a motion is not appealable and then to compound that misunderstanding by attempting to apply it to non-final orders explicitly appealable under Rule 9.130 or non-final orders in criminal cases explicitly appealable under Rule 9.140.
The finality problem addressed by Arcangeli does not exist as to appeals by the State of orders dismissing indictments or informations or any counts thereof (Rule 9.140(c)(1)(A))[6] or orders suppressing evidence (Rule 9.140(c)(1)(B)) because such orders, whether final or non-final in form, are expressly appealable under Rule 9.140 and are therefore not required to be in the form of a "final order" such as is appealable under Rule 9.030(b)(1)(A).
W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] Art. V, § 4(b)(1), Fla. Const., reads "from final judgments or orders of trial courts."
[2] Art. V, § 4(b)(1), Fla. Const.
[3] A pleading initiating a civil action and intended to allege a cause of action. A cause of action is a state of facts recognized in law or equity as entitling one to a legal or equitable remedy.
[4] A suit, litigation or action in which pleadings are filed asserting causes of action and defenses, and in which legal and equitable rights are adjudicated and enforced, or are denied.
[5] One possible exception is that an order in a civil action granting a partial summary judgment might be drafted in such form as to determine the issue of liability in favor of a party seeking affirmative relief and be appealable as a non-final order under Rule 9.130(a)(3)(C)(iv), see, e.g., Bravo Electric Co., Inc. v. Carter Electric Co., 522 So.2d 480 (Fla. 5th DCA 1988).
[6] Note carefully that while a final order requires the completion of the judicial labor in the cause, which is not accomplished by the mere dismissal of a complaint in a civil action, Rule 9.140(c)(1)(A) allows the State to appeal an order dismissing an indictment or information or any count thereof, whether such order is in form final or non-final. Compare this with the analysis of the finality problem when one count of a multi-count complaint in a civil action is dismissed, see, e.g., Mendez v. West Flagler Family Assoc., Inc., 303 So.2d 1 (Fla. 1974).