576 So.2d 971 (1991)
LTC William L. ALLEN (RET), Appellant,
v.
FLORIDA DEPARTMENT OF MILITARY AFFAIRS, Appellee.
No. 90-947.
District Court of Appeal of Florida, Fifth District.
April 4, 1991.
Aaron R. Cohen of Law Offices of Lansing J. Roy, Keystone Heights, for appellant.
Robert A. Butterworth, Atty. Gen., and Frank E. Brown, Asst. Atty. Gen., Tallahassee, for appellee.
COBB, Judge.
The appellant Allen, as plaintiff below, filed a complaint against the Florida Department of Military Affairs, which moved to dismiss it on various grounds. Pursuant to a hearing on that motion, the trial court entered an order granting the motion to dismiss, but lacking any words of actual dismissal. Allen filed his appeal to this court within thirty days of entry of the *972 foregoing order. The issue which we address is whether that order constitutes a final order for appellate purposes.
In Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982), we agreed with the Third District in Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), that an order merely granting a motion to dismiss is neither a judgment nor a final dismissal. Subsequently, in Arcangeli v. Albertson's, Inc., 550 So.2d 557 (Fla. 5th DCA 1989), we abandoned the Lawler remedy of a temporary relinquishment of jurisdiction to allow the parties to obtain a final appealable order and opted instead for outright dismissal of defective appeals from non-appealable orders.
In the interim between Lawler and Arcangeli, the Florida Supreme Court adopted the Gries rationale in Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla. 1983), stating:
An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is.
Grice upheld the finality of an order which actually dismissed the complaint, expressly citing to Gries, and was in accordance with our analysis in Lawler. We, of course, are bound by the Grice decision emanating from the Florida Supreme Court, a decision which has not been modified or superseded at any subsequent time. The Fourth District has also recognized the availing authority of Grice in respect to the issue of dismissing appeals from non-final orders, and has further recognized that the holding in Grice relied upon Gries Investment, as we did in Lawler. See Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987).[1]
In our recent opinion in State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991), a criminal appeal dealing with the appealability of an order granting a motion to suppress, there is unfortunate dictum critical of Lawler as emphasizing form over substance. Saufley, however, makes no mention of either Grice or Gries Investment, and clearly we are bound by Grice, irrespective of the dictum in Saufley.
Accordingly, consistent with Grice, Lawler, and Arcangeli, we dismiss the instant appeal.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Judge Hersey, concurring specially in Russell, stated:

By the opinions in this case we have already used a great many words to discuss a very simple rule, one that has already been explicitly and clearly enunciated by Judge Daniel Pearson in his opinion, particularly in footnote four, in Gries: an order merely granting or denying a motion is not a final appealable order. Gries Investment Co. v. Chelton, 388 So.2d 1281, 1292 (Fla. 3d DCA 1980). There is little, indeed nothing, to be gained by further and protracted reiteration of that explanation here.