LEVY, Judge.
Richard Nicholas Stebnicki, the plaintiff, appeals the denial of his motion to set aside an order dismissing Samuel Peter Wolfson, Sylvia Wolfson, RD & G Leasing, Inc., and/or Mid Continent Investments, Inc. d/b/a RD & G Leasing, the appellees, from suit claiming that the trial court erred in refusing to admit evidence of valid returns of service. We reverse finding that the trial court erred in refusing to consider the evidence of valid service.
The appellant brought suit on December 22, 1989, after he was injured in an automobile accident. The complaint was brought against appellee Samuel Wolfson, who was driving a car owned by appellees Sylvia Wolfson and RD & G Leasing, Inc. and/or Mid Continent Investments, Inc., d/b/a RD & G Leasing. The appellant also sued his own carrier, Travelers Indemnity Company of America, for underinsured/in-sured motorist coverage.
According to the appellant, service was effected on the Wolfsons on April 23, 1990, on Traveler s on April 6, 1990, and on RD & G and/or Mid Continent on March 26, 1990, all within the 120 day period prescribed by Florida Rule of Civil Procedure, Rule 1.070. However, the returns of service were not filed by the process servers from the two states where RD & G and the Wolfsons were served.
On May 15, 1990, the Wolfsons and RD & G filed a Motion to Dismiss or Motion to Quash Service of Process on the grounds that they had not been served within 120 days of the filing of the complaint. A hearing on the motion was set for June 19, 1990, but, according to appellant’s attorney, he was never notified of the hearing and, thus, was not present. The hearing was held and the Court entered an order dismissing the appellees from the case.
Thereafter, the appellant discovered that the returns of service had not been filed, and contacted the process servers and obr tained the returns. The appellant then filed a Motion for Rehearing or in the Alternative Motion to Set Aside the Ex Parte Order of dismissal and a hearing was held in July of 1990. At the hearing, the trial judge refused to entertain the appellant’s proffer of the valid returns of service on Wolfson and RD & G because they were not in the court file and were not available to opposing counsel for review. The appellant appeals from the trial court’s denial of his motion for rehearing and to set aside the order of dismissal.
The appellees argue as a preliminary matter that this court does not have jurisdiction to review the original order of dismissal. The appellees contend that the motion for rehearing did not serve to toll the time for filing an appeal on the original order of dismissal because that order was, according to the appellees, interlocutory in nature. This argument is clearly wrong under Florida law. The plain effect of the orders entered by the trial judge was to dismiss the complaint as to the defendants named therein. An order dismissing a complaint is a final appealable order. See Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla. *179 1983); Diaz v. Metro-Dade Police Department, 557 So.2d 608 (Fla. 3d DCA 1990); Salasky v. Humana Hospital Kissimmee Auxiliary, Inc., 478 So.2d 428 (Fla. 5th DCA 1985); Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). This remains true even though the dismissal does not contain language indicating that it is with prejudice. Gries Investment Company v. Chelton, 388 So.2d at 1283.
Since the order of dismissal entered in this case, even being one without prejudice, was a final order, the motion for rehearing tolled the time for filing a notice of appeal from that original order. Board of County Commissioners of Madison County v. Grice, 438 So.2d at 394. Accordingly, because the appeal was timely filed within 30 days from the denial of the motion for rehearing of a final appealable order, this court does have jurisdiction to entertain the appeal.
Returning to the main issue at hand, the appellees argue that the dismissal was proper because the record is devoid of any evidence that service was timely made. It is the appellant’s initial burden to demonstrate valid service and jurisdiction of the court over the parties. Smith v. Import Birds, Inc., 461 So.2d 1026 (Fla. 4th DCA 1985). The purpose of requiring service of process “is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore to vest jurisdiction in the court entertaining the controversy ...”. Klosenski v. Flaherty, 116 So.2d 767, 768 (Fla. 1959) (Emphasis omitted.) (Quoting State ex rel. Merritt v. Hoffeman, 142 Fla. 496, 195 So. 145, 147 (1940)). Jurisdiction over the person of the defendant lies dormant until such time as proper proof of service is made, but “[it] is the service of the writ, and not the sheriffs return, which gives the court jurisdiction over the defendant.” Klosenski v. Flaherty, 116 So.2d at 768. Here, the trial court abused its discretion in failing to allow the returns to be admitted, thereby depriving the appellant of the ability to present evidence to meet his initial burden of demonstrating valid service.
Accordingly, we reverse and remand with directions to the trial court to hold an evidentiary hearing and, at the said hearing, to accept and consider the returns of service as prima facie proof that the appel-lees were served within 120 days of the filing of the complaint as required by Florida Rule of Civil Procedure, Rule 1.070. The appellees will then have the opportunity to attempt .to prove, by clear and convincing evidence, that service was not properly made and, further, to argue that the jurisdiction of the court has not been properly invoked. Lazo v. Bill Suede Leasing Company, 548 So.2d 1194 (Fla. 4th DCA 1989); Magazine v. Bedoya, 475 So.2d 1035 (Fla. 3d DCA 1985).
Reversed and remanded with instructions.