PER CURIAM.
This is an appeal by the plaintiffs Dennis and Marcia Budreau from a final order dismissing a medical malpractice complaint against the defendant Efrain Mendoza, M.D. We reverse the final order under review and remand the cause for an evidentiary hearing so that the trial court may determine: (1) whether (a) an agreement was entered into by the parties that the plaintiffs could serve process on the defendant’s counsel in this case, instead of the defendant, and (b) if so, whether the defendant’s counsel was served with process within 120 days after the filing of the complaint in this case; and (2) whether good cause is shown by the plaintiffs for failure to serve process on the defendant or, pursuant to agreement, the defendant’s counsel within 120 days after the filing of the complaint, if such be the case.
If, upon remand, the trial court concludes that: (1) no such agreement, as stated above, was entered into by the parties, or that the defendant’s counsel was not served with process within 120 days after the filing of the complaint, if such an agreement was reached, and (2) the plaintiffs have failed to show good cause for the failure to serve process on the defendant or, pursuant to agreement, on the defendant’s counsel within 120 days after the filing of the complaint herein, the plaintiffs’ complaint should be dismissed, without prejudice, pursuant to Fla.R.Civ.P. 1.070(i). Oth■erwise, the defendant’s motion to dismiss the plaintiffs’ complaint should be denied, as there is no merit to the remaining grounds asserted in the defendant’s motion to dismiss. See Patry v. Capps, 633 So.2d 9 (Fla.1994); Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), rev. denied, 604 So.2d 486, 487 (Fla.1992); Stebnicki v. Wolfson, 584 So.2d 177, 179 (Fla. 3d DCA 1991).
Reversed and remanded.