ANTOON, Judge.
The Department of Revenue (DOR) seeks review of the trial court’s order granting appellee Jeffrey Bender’s motion to dismiss a paternity action. We dismiss this appeal for lack of jurisdiction because the trial court’s order is not appealable under the Florida Rules of Appellate Procedure.
This court’s appellate jurisdiction is derived from Article V, section 4 of the Florida Constitution which provides that the district courts have jurisdiction to review both final and nonfinal orders entered by the trial court. With regard to nonfinal orders, our jurisdiction is limited to specific categories enumerated in rule 9.130(a)(3) of the Florida Rules of Appellate Procedure. In the instant case, the order entered by the trial court does not qualify,, as a final appealable order under rule 9.030(b)(1)(A), or a nonfinal ap-pealable order as enumerated in rule 9.130(a)(3).
Whether an order is final for purposes of appeal is not merely a question of semantics, but rather one of jurisdiction. Orders which grant motions to dismiss but lack words of actual dismissal are not appeal-able because they are not final. Allen v. Florida Dept. of Military Affairs, 576 So.2d 971 (Fla. 5th DCA 1991). The order entered in the instant case is just such an order because it simply provided that “[t]he respondent’s ‘Motion to Dismiss’ is GRANTED.”
In its response to our order to show cause why this appeal should not be dismissed for lack of jurisdiction, DOR urged us to construe the trial court’s order as final for purposes of this appeal because the order provided that the dismissal would be with prejudice if DOR failed to file an amended petition within twenty days. DOR suggests that this court should determine that the instant dismissal order is final because an amended petition was never filed. However, this court cannot make such a determination because the record on appeal includes only those papers which had been filed prior to rendition of the order appealed.
The instant order was rendered on September 24, 1997, but was not final because the terms of the order provided DOR with an additional twenty days before prejudice attached. In order for the dismissal order to be final, a further factual determination that DOR failed to file a timely amended complaint must be made. Upon such a determination, a new order dismissing the petition would be required and the thirty-day period for appeal would commence to run upon rendition of the second order.
We have issued an opinion in this case to discourage trial courts from using this two-step approach to dismissal orders. If a trial court intends to dismiss a lawsuit, it should .do so with finality. While we recognize the trial court’s effort to be efficient and to make the best use of its limited time and resources, resulting appeals from nonfinal, nonap-pealable dismissal orders confound our appellate procedure, arcane as it may seem.
APPEAL DISMISSED.
GOSHORN and HARRIS, JJ., concur.