871 So.2d 931 (2004)
FLORIDA STATE LOTTERY, Appellant,
v.
Lisa G. WOODFIN, Leland Woodfin, et al., Appellees.
No. 5D03-2969.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
Rehearing Denied May 5, 2004.
*932 Charles J. Crist, Attorney General, and George Waas, Special Counsel, Tallahassee, for Appellant.
Edward S. Donini, Daytona Beach, for Appellees.
PLEUS, J.
In this Volusia County automobile accident case, the Department of the Lottery ("the Department") takes this interlocutory appeal from an order denying its motion to change venue to Leon County. Because we conclude that an exception applies in this case, we affirm.
Lisa Woodfin, her husband and their children ("the Woodfins") filed a complaint in Volusia County alleging that they were injured in a car accident with a vehicle owned by the Department and driven by an employee in the course of his employment or as a permissive user of the Department's vehicle. The complaint also sought to impose liability on the Department for negligent hiring of the driver.
We review the trial court's denial of a motion for change of venue using the abuse of discretion standard. Rivera v. State, 859 So.2d 495, 511 (Fla.2003); Safety Nat. Cas. Corp. v. Florida Mun. Ins. Trust, 818 So.2d 612 (Fla. 5th DCA 2002). Section 24.110, Florida Statutes, states that "venue for all civil or administrative actions against the department shall be in Leon County." The Department argues that the so-called "home venue" provision is clear and unambiguous, and should be given its plain and obvious meaning unless doing so would create an absurd result. See Scudder v. Greenbrier C. Condominium Assoc., Inc., 663 So.2d 1362, 1365 (Fla. 4th DCA 1995).
Although the Department's position is generally correct, exceptions to the *933 "home venue" privilege exist, one of which, the "joint tortfeasor" exception, was established by our supreme court in Board of County Com'rs of Madison County v. Grice, 438 So.2d 392 (Fla.1983). Recently, the Grice exception has been expanded to include a suit to compel a state agency to produce public records. See Fla. Dept. of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278 (Fla.2004) ("Grice-like" exception applies to public records case). Although Grice and Sun-Sentinel both involve exceptions to the common law venue privilege, dicta in Grice suggests that the court would apply the exception to a statutory "home venue" provision. In discussing this exception, the supreme court in Grice suggested that the exception should apply not only to the common law rule, but also to specific venue statutes. The court stated:
Returning to the main issue at hand, we recognize that Florida is one of the jurisdictions in which the home county venue privilege for government bodies is derived from judicial development of the common law rather than legislative act. See Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). Most states have statutes requiring that governmental entities be sued where their headquarters are located. Annot., 48 A.L.R.2d 423 (1956). Where venue is thus regulated by statute, courts are often reluctant to interfere with the express provision of the legislature. See State v. Superior Court of County of Pima, 120 Ariz. 273, 585 P.2d 882 (1978). There is a modern trend, however, toward allowing exceptions to such statutory requirements where government bodies are sued as joint tortfeasors. See Lawless v. Village of Park Forest South, 108 Ill.App.3d 191, 63 Ill.Dec. 936, 438 N.E.2d 1299 (1982); Hoffman v. Bos, 56 Mich.App. 448, 224 N.W.2d 107 (1974); Peaceman v. Cades, 272 Pa.Super. 568, 416 A.2d 1042 (1979). In the cited cases, the courts recognized that even under modern venue statutes the right of governmental defendants to insist on venue at their headquarters is not absolute. Lawless v. Village of Park Forest South. Modern methods of communication and transportation have weakened the policy reasons supporting the privilege while current crowded court docket conditions have strengthened the policy reasons for avoiding duplicative litigation if possible. Hoffman v. Bos.

In the present case the trial court, in granting the county's motion to dismiss for improper venue, relied upon Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). There we held that the statutory waiver of sovereign immunity did not affect the common-law privilege of the state and its agencies and subdivisions to be sued in the county where the principal headquarters were located. The Court declined to make an exception to the privilege for actions based in tort. We reasoned that the home venue privilege "promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower." 354 So.2d at 364.
Frequently, however, these beneficial purposes are not furthered when the governmental defendant is sued as a joint tortfeasor. In such cases the district courts, in attempting to follow the dictates of Carlile, have been ordering severance of lawsuits that would normally be tried in a single proceeding. See, e.g., Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981); County of Volusia v. Atlantic International Investment Corp., 394 So.2d 477 (Fla. 1st DCA 1981); Liberty Mutual Insurance Co. v. Ford, 392 So.2d 354 *934 (Fla. 4th DCA 1981); Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980); State Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1979); City of Boca Raton v. Walker, 354 So.2d 440 (Fla. 3d DCA), cert. denied, 359 So.2d 1221 (1978). The result, of course, is separate proceedings requiring increased use of public resources. The benefit of money saved by state agencies and subdivisions by not having to defend against lawsuits filed outside their home counties must now be weighed against the increased costs incurred in the operation of the courts, costs which are paid in substantial part by all taxpayers. Therefore, the objective of minimizing public expenditures in the operation of the courts is not furthered when the home venue privilege results in multiple lawsuits. We therefore hold, as did the district court, that the home venue privilege for government entities is not absolute.
We hold further that a trial court has discretion to dispense with the home venue privilege when a governmental body is sued as a joint tortfeasor. The exercise of this discretion must be guided by considerations of justice, fairness, and convenience under the circumstances of the case. In its discretion the trial court may retain the entire case, sever and transfer the cause of action against the entity asserting the privilege if it is severable, or transfer the entire case. The home venue privilege, although not absolute, should be given substantial consideration in this process along with the other circumstances presented and the interests of the other parties.
Id. at 394 (emphasis added). We conclude that the Grice considerations of "justice, fairness, and convenience" apply to the facts of this case and that this exception should apply to section 24.110. The accident occurred in Volusia County. The plaintiffs, their treating physicians, the lottery truck driver, two eyewitnesses and the responding police officers all reside in Volusia County. One of the plaintiffs submitted an affidavit from her doctor advising that she has a serious kidney condition and should not travel. It would be expensive, inconvenient and prejudicial to the plaintiffs to require all the witnesses in the case to travel to Leon County. The Department's responsibility for the negligence of the driver, if any, has not been disputed. This case does not involve an attack on the operation of the lottery. This case does not involve an attack on the operation of the lottery. All of these facts and arguments were heard by the trial court.
The Department has argued that the exception does not apply because the driver has been dismissed from the lawsuit. However, the lottery truck driver was dismissed after the amended complaint was filed. It is well-settled that venue is determined by the facts at the time a lawsuit is filed. See, e.g., Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). At the time the amended complaint was filed, the driver was still a defendant.
We have carefully considered the Department's remaining arguments and find them to be without merit. Accordingly, we affirm the trial court's denial of the motion for change of venue based on the Grice exception. Because of our holding on this ground, we need not reach the Woodfins' constitutional claims.
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.