SHEPHERD, C.J.,
dissenting.
I agree that the motion to dismiss must be granted as to Sea Level Marine. However, I would grant it as to Darelynn Pre-jean-Graves and Barry Lee as well. The Notice of Appeal filed by Appellant, Matthew Pakonis, in this case reads as follows:
NOTICE IS GIVEN that the'Defendant/Counter Plaintiff and Third Party Plaintiff, Matthew Pakonis appeals to the Third District Court of Appeal that final Judgment rendered in this cause on December-22,2011.
The notice provides no clue as to the identity of the appellee. See Fla. R. App. P. 9.110(d) (requiring the notice of appeal to “contain ... the name ahd designation of at least 1 party on each side”).
The final judgment in this case, rendered December 22, 2011, and timely appealed to this court, states, in pertinent part:
[T]he jury having rendered a general verdict for Counter-Defendant/Third-Party Defendant Scott Clark, ... and having provided answer to the- questions consistent with this verdict, this Court hereby enters Final Judgment on all claims.1
Accordingly, it is hereby ORDERED and ADJUDGED that:
judgment is hereby entered that Counter-Plaintiffs Matthew Pakonis as an individual and Matthew-Pakonis on behalf of Southern Vision Contracting, Inc. (“Counter-Plaintiffs”) take nothing and that Scott Clark and all Third-Party Defendants recover from Counter-Plain- - tiffs their costs in this action.
The Court retains jurisdiction to determine an award .of costs and to enter such further relief as is necessary and proper.
DONE and SIGNED in Chambers at Miami, Florida this 21 day of December, 2011.
/s/ Lester Langer Circuit Court-Judge
*388 The following language appears at the foot of the first page of the final judgment:
1 Prior to sending the case to the jury, the court entered a directed verdict in favor-of Third-Party Defendants Barry V. Lee and Darelynn L. Prejean-Graves (“Third-Party Defendants”).
The final judgment is a final judgment rendered against counter-plaintiff'third-party plaintiff Matthew Pakonis on a jury verdict. The trial judge orally granted Darelynn Prejean-Graves’ and Barry Lee’s motion for directed verdict at the close of the plaintiffs case on December 14, 2011. I read the footnote as nothing more than an act of recognition of prior judicial action. This is confirmed in my mind by the fact that an “Order Directing Verdict” was signed by the trial judge and rendered by filing with the Clerk of the Court on December 31, 2011. While in some circumstances such an order might be a non-final, non-appealable order, see Schutzer v. City of Miami, 99 So.2d 729 (Fla. 3d DCA 1958), the order in this case not only memorializes the oral pronouncement on December 14, 2011, but in the next sentence states expressly that “[a]ll claims against Barry Lee and Prejean Graves are dismissed with prejudice and Matthew Pakonis shall go hence without day.” (emphasis added). As experienced appellate counsel well know, such language constitutes an unequivocal declaration of finality upon which timely action must be taken in order to secure appellate consideration. Diaz v. Metro-Dade Police Dep’t, 557 So.2d 608, 609 (Fla. 3d DCA 1990); Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980); see also Raymond v. Caldwell Banker Residential Real Estate, Inc., 848 So.2d 1160, 1161 (Fla. 4th DCA 2003); Allstate Ins. Co. v. Collier, 405 So.2d 311, 312 (Fla. 4th DCA 1981); Form 1.994, Fla. R. Civ. P.; see generally, 2 Fla. Prac., Appellate Practice § 23:2 (2014). The majority’s failure to acknowledge the full force and effect of this order and afford it its due deprives Lee and Prejean-Graves of the comfort of finality to which litigants are lawfully entitled. Lauderdale Marine Ctr., Ltd. v. MYD Marine Distribs., Inc., 31 So.3d 256, 257 (Fla. 4th DCA 2010) (“[An appellate court] may review only proceedings occurring prior to the date of appellant’s notice of appeal.”); Velickovich v. Ricci, 391 So.2d 258, 260 (Fla. 4th DCA 1980) (“[A District Court of Appeal] cannot review judicial acts of a trial court taking place after the filing of a notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate appellate proceedings.”); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979); Fla. R.App. P. 9.110(h) (“The Court may review any ruling or matter occurring before filing of the notice.”); see generally, 2 Fla. Prac., Appellate Practice § 1:7 (2014).
I would grant the motion to dismiss in its entirety.