834 So.2d 338 (2003)
FANTASY & FAUX INCORPORATED, Appellant,
v.
Kali WEBB, C.E. Brooks Investments, Inc., et Al, Appellees.
No. 5D02-1291.
District Court of Appeal of Florida, Fifth District.
January 3, 2003.
*339 Kimberly M. Shepard of The Shepard Firm, P.A., Orlando, for appellant.
John M. Brennan and Richard E. Mitchell of Gray, Harris & Robinson, P.A., Orlando, for appellees, C.E. Brooks Investments, Inc., et al.
Fred M. Peed of Allen, Lang, Curotto & Peed, P.A., Orlando, for appellee, Kali Webb.
COBB, W., Senior Judge.
The appellant, Fantasy & Faux, Inc. (Fantasy), asserts error by the trial court in dismissing with prejudice its action against the defendants below, Kali Webb, C.E. Brooks Investments, Inc., Cindy Brooks, and Jennifer Brooks, for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). Such dismissals, argues Fantasy, do not constitute adjudications on the merits and must be entered without prejudice. See, e.g., Henson v. Whorf, 466 So.2d 23 (Fla. 5th DCA 1985).
While we agree with the proposition of law advanced by Fantasy, it is premature in regard to the defendant Webb because the order entered below merely states that her motion for involuntary dismissal is granted; no final adjudication was entered. See Arcangeli v. Albertson's Inc., 550 So.2d 557 (Fla. 5th DCA 1989). Therefore, we dismiss the instant appeal in respect to Webb and remand her case to the trial court for further proceedings.
As to the various Brooks defendants, the trial judge did enter a final judgment of dismissal with prejudice, which was error pursuant to Henson. Moreover, these defendants had not moved for a judgment of dismissal with prejudice, nor did they notice a hearing with any reference to a dismissal with prejudice. Accordingly, we reverse the order entered under date of March 28, 2002, for the Brooks defendants, and remand for entry of a judgment of dismissal for failure to prosecute without prejudice.
DISMISSED in part, REVERSED in part, and REMANDED.
GRIFFIN and PLEUS, JJ., concur.