GRIFFIN, J.,
dissenting.
This is a garden variety theft case involving a garden variety procedure that has somehow gone all wrong. After the information was initially filed in this case, the defendant apparently moved to dismiss it, contending that the property at issue was his own property. The alleged victim of the theft was a corporation, American Coin Merchandising. The chief of security of the victim corporation was deposed, but he was unable to verify that the recovered items belonged to his employer. Based on that state of affairs, the State chose not to file a traverse to the motion and the case was dismissed. So far, so good. The law is clear that if the State does not traverse a motion to dismiss, the State is entitled to refile the charges. The State then went out, got better evidence that contradicted the defendant’s claim that the items belonged to him and filed a new information.
The majority says that the State loses its ability to refile an information in such a circumstance where the trial court, in granting the defendant’s motion to dismiss “intends” to dismiss the case with prejudice. I do not agree with the majority that the court’s “intent” is relevant. Either the first case was dismissed “with prejudice” or it was not. The question becomes whether, when the court announced the dismissal and said to Mr. Sadler that he “may go hence without day,” the case was dismissed “with prejudice” under Florida law.
I have searched in vain (as I am sure has the majority) for any Florida criminal case where “go hence without day” has been utilized for any purpose, much less to signify that an information has been dismissed with prejudice. It is, however, language which is expressly prescribed in the supreme court’s approved forms for judgments in civil cases to signify finality. See Forms 1.989, 1.991, 1.991 Florida Rules of Civil Procedure. Interestingly, even in civil cases, it does not appear to mean “with prejudice.” The supreme court uses it in form 1.989 applicable to a judgment of dismissal for lack of prosecution, an event plainly “without prejudice” to refile under Florida law. Fantasy & Faux, Inc. v. Webb, 834 So.2d 338 (Fla. 5th DCA 2003); Henson v. Whorf, 466 So.2d 23 (Fla. 5th DCA 1985). “Go hence without day” appears both by its terms (i.e., nothing else to be scheduled) and in application to mean that the current proceedings are final, but not that refiling of another action is precluded.
In criminal proceedings, where the State clearly may refile a dismissed charge, unless the case is “dismissed with prejudice” there is no dismissal “with prejudice” unless those words are used. Use of a phrase having legal significance only in civil procedure will not substitute, any *650 more than would something like “go away and don’t come back.” The phrase “with prejudice” is what has meaning in this context in criminal cases, and that is the phrase that must be used".
Even if the majority’s “intent” analysis could be credited, it does not hold up here. Why would the court not use “with prejudice” if that was what was intended? More important, what possible legal justification could there have been for a dismissal with prejudice? It is apparent that, at the time of the hearing, the State did not think it could prove its case, but that fact would not justify a dismissal with prejudice. The controlling procedure allows the State to preserve the possibility of future prosecution for the crime so long as it files no traverse. It is, in essence, a consent to the dismissal with the understanding that refiling is possible. There would have had to be some legal justification for a “with prejudice” dismissal in such a “without prejudice” context, and there simply was none.
Finally, the upshot of this case is to allow a very unclear communication to eliminate the State’s right to pursue prosecution of an alleged criminal act. Because the court did not use proper terminology or in any way communicate its intent to disallow the further prosecution of the case, the State lost its right to appeal the dismissal — an appeal it almost certainly would have won. It is better for this court to say to trial judges that a dismissal with prejudice of an information must be identified as such so that the accused will know where he stands and the State will know how to proceed.