384 So.2d 190 (1980)
Alan H. PORTER, M.D., Alan H. Porter, M.D., P.A., and Sarasota Radiation and Medical Oncology Center-Porter, P.A., Appellants,
v.
WILSON, WALCH, FORTNER, ROBINSON & BESSE, M.D.'S, P.A., Appellee.
No. 79-1484.
District Court of Appeal of Florida, Second District.
May 14, 1980.
Rehearing Denied June 6, 1980.
*191 Johnson S. Savary and Steven G. Schember of Kirk, Pinkerton, McClelland, Savary & Carr, Sarasota, for appellants.
Richard E. Nelson and Robert C. Widman of Nelson, Hesse, Cyril, Weber, Smith & Widman, Sarasota, for appellee.
SCHEB, Judge.
This is an appeal from a nonfinal order in which the trial court found appellee entitled to recover both compensatory and punitive damages from appellants for breach of contract and tortious interference with contract. We hold the evidence was not sufficient to allow the jury to conclude that appellee was entitled to recover punitive damages. Thus, we reverse the award of punitive damages; otherwise, we affirm.
Wilson-P.A., a group of Sarasota physicians specializing in radiotherapy, contracted to furnish Porter-P.A. office space and sell it medical and office equipment for the practice of radiotherapy. In return, Porter-P.A. agreed to pay Wilson-P.A. a percentage of its monthly billings from its radiotherapy practice over a two-year period. Dr. Porter was the only radiotherapist employed by Porter-P.A. and signed the contract in his capacity as president. During the contract period Porter established Oncology-P.A. which acquired a linear accelerator and began furnishing radiotherapy services from a second location in Sarasota County.
Wilson sued Porter, Porter-P.A. and Oncology-P.A. for breach of contract and Porter and Oncology-P.A. for tortious interference with contract seeking both compensatory and punitive damages. Wilson contended that Oncology-P.A.'s activities had reduced the billings of Porter-P.A. thereby decreasing the purchase price contemplated by the parties. The trial court ordered separate trials on the issues of liability and damages. At the close of the evidence in the liability trial, Porter, Porter-P.A. and Oncology-P.A. moved to dismiss Wilson-P.A.'s claim for punitive damages. The trial court denied the motion and the jury returned a verdict that Wilson-P.A. was entitled to recover compensatory damages for breach of contract against Porter-P.A., and compensatory and punitive damages against Porter and Oncology-P.A. This appeal ensued.
While the evidence was conflicting, it was sufficient to support the jury's determination that Porter-P.A. had breached its contract with Wilson-P.A., and that Porter and Oncology-P.A. had interfered with performance of that contract. We have considered each of the points raised by appellants and, except for the issue of punitive damages, we find them to be without merit. We agree with appellants on that point. The court improperly allowed the jury to consider the issue of punitive damages:
Since damages for breach of contract are generally limited to the pecuniary loss sustained; punitive or exemplary damages are not ordinarily recoverable in actions for breach of contract, even where the breach is willful and flagrant. This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may *192 be recovered under proper allegations of malice, wantonness, or oppression. In such a case, the recovery must be based upon an intentional wrong, insult, abuse, or gross negligence, which amounts to an independent tort.
17 Fla.Jur.2d Damages § 117 (1980) (footnotes omitted); Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); see Annot., 84 A.L.R. 1345 (1933).
Here there was no evidence of wilfulness or wantonness or that the breach was attended by fraud or gross negligence. See Bill Branch Chevrolet, Inc. v. Redmond, 378 So.2d 319 (Fla.2d DCA 1980). The evidence as to the breach was in sharp conflict but there was no evidence indicating that the breach or the interference was accompanied by malice. In fact, Porter's attorney, who had established Porter-P.A. and advised it in contract negotiations with Wilson-P.A., as well as Porter, testified that prior to establishing Oncology-P.A., Porter had asked the attorney whether establishing Oncology-P.A. would violate the contract between Porter-P.A. and Wilson-P.A. The attorney advised him that it would not. This testimony negated any possible inference of maliciousness on the part of Porter and, therefore, the trial court erred in denying the appellants' motion for dismissal as to punitive damages.
Accordingly, we reverse the trial court's order on the issue of punitive damages, affirm all other aspects of the order, and remand for further proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.