632 So.2d 614 (1994)
DESIGNS FOR VISION, INC., and Edward Brown, Appellants,
v.
AMEDAS, INC., a Florida Corporation, Appellee.
No. 92-01589.
District Court of Appeal of Florida, Second District.
January 5, 1994.
Rehearing Denied February 10, 1994.
Joseph A. DiBenedetto and John H. Pelzer, Winston & Strawn, New York City, and Terry A. Smiljanich, Blasingame, Forizs & Smiljanich, St. Petersburg, for appellant Designs for Vision.
Chester L. Skipper, Lyle & Skipper, St. Petersburg, for appellant Edward Brown.
Steven G. Nilsson, Clearwater, for appellee.
BLUE, Judge.
Designs for Vision, Inc. (DVI) and Edward Brown appeal jury verdicts rendered against them and in favor of Amedas, Inc. Amedas served as the Florida sales representative for DVI, a medical equipment manufacturer. The verdict against Brown, a former Amedas employee, awarded compensatory damages for breach of his employment contract with Amedas. The verdict against DVI was for compensatory and punitive damages based on tortious interference with the same employment contract.
We hold there was sufficient evidence to support the jury's finding regarding Brown's breach of contract and DVI's tortious interference. We conclude, however, that the compensatory damages were improperly imposed against each of the defendants separately and that the evidence did not support the award of punitive damages.
First, the compensatory damages proven at trial resulted from Brown's breach of contract. No evidence was admitted or *615 argued regarding independent damages arising from the tortious interference claim against DVI. The final judgment, however, awarded Amedas $27,000 against Brown and $27,000 against DVI. As fact-finders, we might have decided otherwise; but we hold there is record support for the jury's determination that Amedas sustained $27,000 in damages. Nevertheless, awarding these damages against each defendant separately creates a windfall for Amedas by doubling the proven damages. When a party breaches a contract (Brown), and the breach results from the tortious interference of another party (DVI), the proper procedure is to make the two jointly and severally liable for the damages resulting from the breach. Insurance Field Servs., Inc. v. White & White Inspection and Audit Serv., Inc., 384 So.2d 303 (Fla. 5th DCA 1980); Kahlert v. Tom Heller, Inc., 557 So.2d 111 (Fla. 4th DCA 1990). Thus, the separate damage awards were error.
Second, we have reviewed the record and determined that the evidence failed to prove the level of extreme conduct which would justify an award of punitive damages. American Cyanamid Co. v. Roy, 498 So.2d 859 (Fla. 1986).
Therefore, we affirm the jury verdicts to the extent they find that Brown breached his contract with Amedas and that DVI tortiously interfered with that contract. We reverse the compensatory damages against each of the defendants separately and remand for the trial court to enter a judgment of $27,000 in favor of Amedas and jointly and severally against Brown and DVI. We also reverse the punitive damage award against DVI and remand for the trial court to enter judgment accordingly.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.