GROSS, Judge,
dissenting.
Petitioner, Hudson Hotels Corporation, is a defendant in a circuit court action brought by respondent, Seagate Beach Quarters, Inc., in which Seagate alleges that Hudson Hotels tortiously interfered with a contract to which Seagate was a party. The trial court entered summary judgment for Hudson Hotels and Seagate appealed. This court reversed, holding that there were triable issues remaining on the tortious interference claim. Seagate Beach Quarters, Inc. v. Rochester Community Sav. Bank, 663 So.2d 3 (Fla. 4th DCA 1995).
On remand, Seagate moved to amend its complaint to assert a claim for punitive damages, arguing that the “intentional tort of interference with an advantageous business relationship, in and of itself, gives rise to a right to punitive damages.” At the hearing on the motion, the trial court did not consider, and Seagate did not proffer, any evidence to substantiate its claim for punitive damages. The trial court believed that a finding of an insufficient basis to support punitive damages would contradict this court’s holding in the previous appeal that there were triable issues on the tortious interference claim. The trial court concluded that tor-tious interference, as an intentional tort, necessarily “carries with it punitive damages or at least a claim for punitive damages” and granted Seagate’s motion to amend.
*868 The trial court’s ruling was based on an erroneous legal proposition. A holding that a defendant has failed to establish the absence of any material fact on a plaintiffs tortious interference claim is not the equivalent of the plaintiff establishing a reasonable evidentiary basis for punitive damages. Record evidence to support an intentional tort does not automatically support an award of punitive damages. See Potter v. S.A.K. Dev. Corp., 678 So.2d 472, 473 (Fla. 5th DCA 1996); Genesis Publications, Inc. v. Goss, 437 So.2d 169, 170 (Fla. 3d DCA 1983), review denied, 449 So.2d 264 (Fla.1984). The elements of tortious interference may be proved without the evidence necessary to justify an award of punitive damages. See Designs for Vision, Inc. v. Amedas, Inc., 632 So.2d 614 (Fla. 2d DCA), appeal dismissed, review denied, 639 So.2d 975 (Fla.1994); Porter v. Wilson, Walch, Fortner, Robinson & Besse, M.D.’s P.A., 384 So.2d 190 (Fla. 2d DCA), review denied, 392 So.2d 1378 (Fla.1980). The trial court incorrectly believed that it had no choice but to grant respondent’s motion to amend.
Section 768.72, Florida Statutes (1995), creates a “substantive legal right not to be subject to a punitive damages claim and ensuing financial worthdiseovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995). Under Globe, this court has certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72 in issuing an order permitting a plaintiff to amend a complaint to include a claim for punitive damages. Id. at 519. The supreme court observed in Globe
that certiorari review is appropriate to determine whether a court has conducted the evidentiary inquiry required by section 768.72, Florida Statutes, but not so broad as to encompass review of the sufficiency of the evidence considered in that inquiry.
Id. at 520.
In this case, the trial court’s mistaken belief that it was precluded from conducting a section 768.72 evidentiary inquiry led it to grant Seagate’s motion without engaging in the factfinding required by the statute. This is not a case where the court reviewed record or proffered evidence and found that there was a “reasonable basis” for recovery of punitive damages; under Globe, it is this type of order for which certiorari review is unavailable.
The October 28, 1996 order should be quashed and the case remanded to the trial court to consider evidence in the record or proffered by respondent which would provide a reasonable basis for the recovery of punitive damages under section 768.72.