809 So.2d 28 (2002)
AIR AMBULANCE PROFESSIONALS, INC., a Florida corporation, and Brian Weisz, Appellants,
v.
THIN AIR, a Florida corporation, Ross E. Vandever, Jr., as Director, Shareholder and individually, Thin Air, Inc., a Nevada corporation, and Cirrus Air International, Inc., Appellees.
Nos. 4D00-2594, 4D00-3858.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Rehearing Denied March 25, 2002.
*29 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and John P. Kelly of Lorusso & Loud, Fort Lauderdale, for appellants.
James K. Clark of Clark, Robb, Mason & Coulombe, Miami, for appellees Thin Air, Inc. and Ross E. Vandever, Jr.
SHAHOOD, J.
This is a breach of contract action between two former business partners, Brian Weisz (Weisz) and Ross Vandever (Vandever). Their company was called Thin Air, Inc. (Thin Air). Its sole asset was a Lear jet. Although Vandever was Thin Air's president and was in charge of the company's day-to-day operations, the men were equal partners.
*30 Weisz separately owns a company called Air Ambulance Professionals, Inc. (Air Ambulance), which transports patients by aircraft from one location to another. Vandever separately owns a company called Cirrus Air International (Cirrus Air), which does aircraft charters and sales. Air Ambulance contracted with Thin Air for the use of the jet; Cirrus Air provided the pilots.
The disagreement in this case began when Weisz, on behalf of Air Ambulance, disputed certain flight expenses charged by Thin Air and Cirrus Air to Air Ambulance. When Weisz asked Vandever/Thin Air for a full accounting of the charges and did not receive an answer that was satisfactory to him, Weisz withheld payment of the invoices totaling approximately $206,827. As a result, Vandever changed the lock on the jet's hangar door and removed all of the cash from Thin Air's reserve bank account, approximately $215,839.
Vandever and Thin Air then filed a complaint against Weisz and Air Ambulance for corporate dissolution damages, injunctive relief, open account, and account stated. Vandever alleged that the shareholders were deadlocked, and sought a courtordered sale of the jet and dissolution of Thin Air. He also sought payment of the money owed on Air Ambulance's account to Thin Air. Several years later in the proceedings, Vandever amended the complaint to add breach of contract, unjust enrichment, breach of fiduciary duty and tortious interference. In the amended complaint, Vandever sought punitive damages.
Following a trial, the jury found in favor of Vandever and Thin Air on all of the claims, and assessed compensatory and punitive damages. Weisz and Air Ambulance appealed the verdict, raising approximately eleven issues. We affirm on all issues that dispute the jury's findings of fact because competent substantial evidence supports those findings. We affirm all other issues raised by appellant, except the ones relating to the punitive damages award and the award of prejudgment interest, which we reverse. This opinion addresses only the matters which require reversal.
The jury awarded Vandever and Thin Air punitive damages in the amount of $2,000,000 on the tortious interference claim and $2,000,000 on the breach of fiduciary claim. We agree with Weisz that it was error to award punitive damages because the evidence does not support the awards.
Record evidence may support an intentional tort, but not necessarily an award of punitive damages. See generally Potter v. S.A.K. Dev. Corp., 678 So.2d 472, 473 (Fla. 5th DCA 1996). Proof of the elements of tortious interference may be established even though the evidence may not justify an award of punitive damages. See Designs for Vision, Inc. v. Amedas, Inc., 632 So.2d 614 (Fla. 2d DCA), appeal dismissed, review denied, 639 So.2d 975 (Fla.1994); see also Ferguson Transp., Inc. v. N. Am. Van Lines, Inc., 687 So.2d 821 (Fla.1996)(punitive damages not recoverable in breach of contract action, irrespective of motive of defendant, unless plaintiff proves a tort independent from the acts that breach the contract). In American Cyanamid Co. v. Roy, 498 So.2d 859 (Fla.1986), our supreme court described the conduct necessary for a punitive damages award in a tort action:
We repeat our observation in White [Const. Co., Inc. v. Dupont, 455 So.2d 1026 (Fla.1984) receded from on other grounds, Murphy v. International Robotic Systems Inc., 766 So.2d 1010 (Fla. 2000) ] limiting punitive damages to truly culpable behavior.... [P]unitive damages *31 are in a sense explicitly based on juror emotion, in that one function of the award is to express society's collective outrage at unacceptable behavior .... punish and deter. See Lassiter [v. International Union of Operating Engineers], 349 So.2d [622 (Fla.1976) ] at 626.
We therefore reiterate our observations in White urging restraint upon the courts in ensuring that the defendant's behavior represents more than even gross negligence prior to allowing the imposition of punitive damages, in order to ensure that the damages serve their proper function. While we remain hesitant to have trial courts routinely remove the question from the jury's consideration, we note that a directed verdict may properly be granted unless the evidence establishes that the behavior in question involves the following type of misconduct:
The character of negligence necessary to sustain an award of punitive damages must be of a "gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them".
Am. Cyanamid Co., 498 So.2d at 861-862 (quoting White Constr. Co., Inc., 455 So.2d at 1029).
On appeal, Weisz argues, and we agree, that the evidence presented at trial did not show the type of gross and flagrant behavior on his part that is required for a punitive damage award. Although the jury found that Weisz breached his fiduciary duty to Thin Air by interfering with its business contract with Air Ambulance, there was no evidence, contrary to Vandever's assertions, of an illicit scheme to put Thin Air out of business. Likewise, there was no evidence of fraud or malice, see e.g. Porter v. Wilson, Walch, Fortner, Robinson & Besse, M.D.'s, P.A., 384 So.2d 190 (Fla. 2d DCA), rev. denied, 392 So.2d 1378 (Fla.1980)(even though evidence supported finding of tortious interference with a contract, punitive damages were not proper absent malice), or of any other type of behavior which would justify punitive damages.
We also hold that the trial court erred in awarding prejudgment interest on the damages awards. In Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), the supreme court reiterated that in Florida, prejudgment interest is considered to be another element of pecuniary damages, and not a "penalty for the defendant's `wrongful' act of disputing a claim found to be just and owing." Id. at 214-15. Prejudgment interest is allowed on only liquidated claims, that is, sums which are certain, but which the defendant refuses to surrender. Id. Thus, Florida espouses the "loss theory" instead of the "penalty theory."
Under the "loss theory," however, neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor.
Id. at 215. The court concluded, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment *32 interest at the statutory rate from the date of that loss." Id.
In this case, the only claim which was liquidated was Thin Air's claim for open account. The amount of money that Weisz was withholding due to his dispute over excess charges was the only amount certain. Any losses which Thin Air incurred due to Weisz's instruction not to move or fuel the plane or Thin Air's loss of future charters with Air Ambulance, were not fixed. As a result, under Argonaut, the trial court erred in awarding prejudgment interest on all damages other than those awarded on the claim for open account.
Weisz raises one final issue which must be addressed. Prior to trial, the court ordered Weisz to escrow the $206,000 that Air Ambulance owed Thin Air on its invoices. Weisz ultimately deposited $127,183. It is unclear whether that money was ever distributed to Vandever and Thin Air, and whether Weisz ever received a $127,183 credit towards the damages award in the final judgment. On remand, the trial court should amend the final judgment to clarify whether the money was distributed and, if so, order that Weisz be properly credited.
Thus, we reverse the punitive damages award, and remand for the trial court to deduct prejudgment interest from all damages awards except that claim which was liquidated. Also on remand, the court should amend the final judgment to address the issue concerning the escrowed money.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TAYLOR, J., and ANGELOS, CYNTHIA, Associate Judge, concur.