942 So.2d 1024 (2006)
Crystal ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3983.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Five days after sentence was imposed on her plea of no contest, defendant filed a motion to withdraw her plea. One day later, she filed a pro se notice of appeal from her conviction. The trial court ruled that it lacked jurisdiction to consider her motion to withdraw plea since she filed a notice of appeal. We reverse.
We accept the State's concession of error. When a timely-filed motion to withdraw a plea under rule 3.170(l) is pending, the final judgment of conviction and sentence is not deemed rendered if a notice of appeal is filed before the motion is decided. See Fla. R.App. P. 9.020(h)(3) (if timely rule 3.170(l) motion to withdraw plea after sentencing has been filed and notice of appeal is then filed before entry of order disposing of such motion, the motion shall not be affected by filing of notice of appeal from judgment of guilt, notice of appeal shall be treated as prematurely filed, and appeal held in abeyance until entry of order disposing of such motion); see also Smith v. State, 900 So.2d 732, 733 (Fla. 4th DCA 2005) (where timely motion to withdraw plea is pending when notice of appeal is filed, trial court still has jurisdiction to decide motion).
Reversed.
SHAHOOD and TAYLOR, JJ., concur.