972 So.2d 311 (2008)
Ace J. BLACKBURN, Jr., Joan A. Wagner, Chris A. Economou and Gus Morfidis, as Curators of the Estate of Konstantinos Boulis a/k/a Gus Boulis, Deceased, Appellants,
v.
Constantin BARTSOCAS and Kiki Vasilici Bartsocas, Appellees.
Nos. 4D06-2267, 4D06-2407, 4D06-2787.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Rehearing Denied January 30, 2008.
*312 Glenn J. Waldman and Craig J. Trigoboff of Waldman Feluren Hildebrandt & Trigoboff, P.A., Weston, for appellants.
John R. Hargrove and Carol A. Gart of Gordon Hargrove & James, P.A., Fort Lauderdale, for appellees.

ON MOTION FOR REHEARING
HAZOURI, J.
We deny appellees' motion for rehearing, grant the motion for clarification, withdraw our previous opinion and substitute the following in its place.
Appellants/cross-appellees, Ace J. Blackburn, Jr., Joan A. Wagner, Chris A. Economou, and Gus Morfidis, as Personal Representatives of the Estate of Konstantinos Boulis a/k/a Gus Boulis ("The Estate"), appeal from the following orders of the trial court: (1) Order Granting Partial Summary Judgment in Favor of the Defendants; (2) Order Denying Defendants' Motion for Judgment Notwithstanding the Verdict and Incorporated Request for Remittitur and/or New Trial on Damages; and (3) Order Granting Plaintiffs' Motion for Pre-Judgment Interest in this court's case number 4D06-2267. The Estate also appeals from the trial court's Order Denying Defendants' Motion for Judgment Notwithstanding the Verdict and Corrected Incorporated Request for Remittitur and/or New Trial on Damages and Denying Plaintiffs' Motion for Declaratory Judgment in this court's case number 4D06-2407. The Estate also appeals the Final Judgment in favor of appellees/cross-appellants, Constantin Bartsocas and Kiki Vasilici Bartsocas in case number 4D06-2787. The Bartsocases filed their cross-appeal *313 of the Order Granting Partial Summary Judgment in Favor of the Defendants and the Order Denying Defendants' Motion for Judgment Notwithstanding the Verdict and Corrected Incorporated Request for Remittitur and/or New Trial on Damages and Denying Plaintiffs' Motion for Declaratory Judgment. The three cases were consolidated by this court.
Although there are numerous points on appeal and cross-appeal, the fundamental issue in the case is whether the jury's verdict awarding the Bartsocases $1,211,231.00 under their unjust enrichment claim can be sustained. We find that it cannot and reverse.
The Bartsocases' claim arises out of a longstanding relationship between themselves and the decedent, Gus Boulis.[1] The initial relationship developed as a friendship when all of the parties resided in Canada, where Boulis was involved in ownership, operation and management of various "Mr. Submarine" franchise restaurants. The Bartsocases left Canada to open a restaurant in the Florida Keys. In 1978, Boulis visited the Bartsocases in the Keys and decided to move to Florida and develop certain business enterprises. From 1979 through 2000, the parties worked in certain businesses which were formed as corporations by Boulis.
Boulis was the owner of the corporations and all properties associated therewith. The Bartsocases worked in several of the businesses. They contend that they had an oral partnership agreement, with Boulis in which they would invest their time and effort with little, if any, compensation and at some point in time would share in the proceeds and profits of the partnership. From 1979 through 2000, the Bartsocases received $384,519.00 from the alleged partnership.
Upon Boulis's untimely death, the Bartsocases made a claim with the Estate for benefits under the alleged partnership agreement, which the Estate denied. The Bartsocases filed their complaint against the Estate asserting numerous causes of action. However, when the case went to trial, the only claims remaining were for breach of an implied partnership, unjust enrichment and promissory estoppel. The jury returned a verdict finding there was no implied partnership nor were the Bartsocases entitled to a claim of promissory estoppel, but found in the Bartsocases' favor on their unjust enrichment claim and awarded them $1,211,231.00.
At trial the Bartsocases presented the expert testimony of Ronald Patella, a certified public accountant, to establish the measure of their damages. Patella testified that, under the theory of an implied partnership, the net value of the Bartsocases' interest in the implied-in-law partnership real estate was $10,465,446.00, which was one-half of the net partnership assets.
Patella made an alternative calculation pursuant to the theory of unjust enrichment by placing a value on what he referred to as the Bartsocases' "sweat equity." Patella defined "sweat equity," as the services that one renders to a business or partnership for which one is not compensated. According to Patella, there are two types of partners. One supplies the money to capitalize the businesses and the other invests their time in working in the businesses. Patella calculated the Bartsocases' "sweat equity" from the data provided by Kiki Bartsocas as to the number of hours she and Gus Bartsocas had contributed to the service of the restaurant operations and the amount that a restauranteur would have to pay an employee to do the same work. The gross total for the years *314 1979 through 2000 was $1,595,750.00. To reach the unpaid sweat equity calculation, Patella took the gross figure and then subtracted the total proceeds the Bartsocases withdrew from the business relationship during those years which was $384,519.00, yielding a net of $1,211,231.00 of sweat equity. This is the exact figure that the jury returned for the Bartsocases on their unjust enrichment claim.
The basis of a calculation for sweat equity was the testimony of Kiki Bartsocas which, as stated before, was based upon the hours that she and her husband worked and the value of that time based upon wages Boulis would have to pay to an employee to replace the Bartsocases.
The Estate argues, inter alia, that the claim for sweat equity is in reality a claim for past wages and is limited by section 95.11(4)(c), Florida Statutes (2001), which provides that an action to recover wages or overtime or damages or penalties concerning the payment of wages and overtime shall be commenced within two years. Therefore the Estate asserts that the wage claim calculation is limited to the years 1999 and 2000. We agree.
The Estate also argues that the trial court should not have awarded the Bartsocases prejudgment interest. "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). "[O]nce damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss." Kissimmee Util. Auth. v. Better Plastics, Inc., 526 So.2d 46, 47 (Fla.1988). "Prejudgment interest is allowed on only liquidated claims, that is, sums which are certain, but which the defendant refuses to surrender." Air Ambulance Prof'ls, Inc. v. Thin Air, 809 So.2d 28, 31 (Fla. 4th DCA 2002).
Any damages claimed by the Bartsocases were not liquidated until the verdict was rendered. The trial court erred in awarding any prejudgment interest prior to that time.
We therefore reverse and remand for entry of a judgment on behalf of the Bartsocases which reflects the wage claim for the two years prior to the filing of their complaint. As to the points raised on cross-appeal, we hereby affirm.
Reversed and Remanded with Directions.
KLEIN, J., and EMAS, KEVIN M., Associate Judge, concur.
NOTES
[1] Gus Boulis died on February 6, 2001.