POLEN, J.
 

 Appellants/Cross-Appellees, Marc E. Bosem, M.D., Marc E. Bosem, M.D., P.A., d/b/a CorrectVision Laser Institute, (Bo-sem) brought an action for injunctive relief, fraud, false advertising, and compensatory damages against Appellees/Cross-Appellants, Musa Holdings, Inc., d/b/a Eyeglass World, The Laser Vision Institute, L.L.C., and Marco Musa, (Musa) for Musa’s alleged unauthorized use of Bo-sem’s image or likeness and violation of the Lanham Act, 15 U.S.C § 1125. The trial court ultimately entered an order granting Bosem’s motion for partial summary judgment and holding that Musa’s use of Bosem’s name, likeness and biography was unauthorized and in violation of section 540.08, Florida Statutes, and the Lanham Act. Accordingly, Bosem’s entitlement to damages was the only issue determined by the subsequent bench trial and is also the only issue before this court on appeal.
 

 Though the parties have appealed several determinations made by the trial court in its calculation of damages, we write only to address an issue cross-appealed by Musa regarding liquidated damages and prejudgment interest. Bosem argued below, in part, that Musa’s unauthorized use of his image resulted in lost profits because he was forced to reduce the price of his LASIK eye surgery procedure in order to retain patients who had seen Musa’s advertisements in which Musa claimed Bo-sem would perform the same surgery for less at its centers.
 

 The trial court found that Bosem sustained lost profits in the amount of $93,306 and awarded Bosem prejudgment interest on that amount. In concluding that prejudgment interest was warranted in the present case, the trial court discussed
 
 Air Ambulance Professionals, Inc. v. Thin Air,
 
 809 So.2d 28 (Fla. 4th DCA 2002). In
 
 Thin Air,
 
 this court held that prejudgment interest was appropriate only for damages which were “an amount certain” and that the trial court erred in granting prejudgment interest on all damages which were not “fixed.” 809 So.2d at 31-32. There, plaintiff sued for compensatory and punitive damages after the defendant withheld payment from plaintiff due to a dispute over excess charges.
 
 Id.
 
 at 32. The trial court ultimately awarded prejudgment interest on all damages, and this court held that the only claim which was liquidated was that for an open account — the payment withheld by defendant — because it was a known amount from the beginning which defendant refused to pay.
 
 See id.
 
 Thus, prejudgment interest was appropriate as to that claim but none of the others.
 
 Id.
 

 In the present case, the amount of damages was never certain until the trial court calculated Bosem’s lost profits. Bosem claimed he had sustained lost profits of between $300,000 and $400,000 and maintained that the period of infringement was from 2000 to 2002. The trial court found that Bosem’s lost profits were actually $93,306 and that the period of infringement was from July 2000 to December 2001. Florida case law suggests that on a claim for lost profits or price-erosion damages, prejudgment interest is not warranted because the amount of damages is generally unknown. For example, in
 
 Jones v. Sterile Products Corp.,
 
 572 So.2d 519, 520
 
 *1187
 
 (Fla. 5th DCA 1990), the court held that lost profit and price erosion damages resulting from a breach of a non-compete agreement were unliquidated and, thus, that prejudgment interest was not warranted. Moreover, “[t]o date, cases recognizing a right to prejudgment interest have all involved the loss of a vested property right,” and anticipated business profits are not a vested property right.
 
 See Scheible v. Joseph L. Morse Geriatric Ctr., Inc.,
 
 988 So.2d 1130, 1134 (Fla. 4th DCA 2008). Therefore, we reverse the award of prejudgment interest. As to all other issues, we affirm.
 

 Reversed.
 

 HAZOURI and CIKLIN, JJ., concur.