PER CURIAM.
 

 This appeal presents several issues involving breach of a commercial lease. We write to address appellee’s award of prejudgment interest and the attorneys’ fees hearing. As to all other issues, we affirm.
 

 Prejudgment interest may be awarded where the plaintiff suffers an out-
 
 *257
 
 of-pocket pecuniary loss and establishes a fixed date of the loss.
 
 Glover Distrib. Co. v. F.T.D.K., Inc.,
 
 816 So.2d 1207, 1213 (Fla. 5th DCA 2002). Damages are liquidated “when a verdict has the effect of fixing damages as of a prior date.”
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 214 (Fla.1985) (citation omitted). Future damages, such as “anticipated business profits,” are not vested property rights and cannot be liquidated as of a past date certain.
 
 Bosem v. Musa Holdings, Inc.,
 
 8 So.3d 1185, 1187 (Fla. 4th DCA 2009).
 

 The trial court awarded appellee prejudgment interest of $111,786.79 from December 31, 2003, to the date of the judgment. We cannot determine how the trial court calculated this amount. The trial court’s findings of fact appear to liquidate all damages as of June 30, 2008. Prejudgment interest cannot be awarded on any “anticipated” profits after June 30, 2008, because those losses cannot be fixed with certainty to a particular date.
 

 Accordingly, we reverse the trial court’s award of prejudgment interest to appellee and remand for recalculation consistent with this opinion. We also note that we may not consider appellant’s arguments regarding the attorneys’ fee hearing. This court may review only proceedings occurring prior to the date of appellant’s notice of appeal. Fla. RApp. P. 9.110(h). As the notice of appeal was filed months prior to the hearing on attorneys’ fees, we lack jurisdiction to consider the issue.
 

 Affimed in part; reversed in part; remanded.
 

 TAYLOR, GERBER and LEVINE, JJ„ concur.