WETHERELL, J.
Appellant seeks review of the judgment and sentence entered based upon his nolo contendré plea. We affirm the judgment and sentence without comment. However, for the reasons that follow, we reverse the order denying Appellant’s motion to withdraw his plea and remand for the trial court to enter an order dismissing the motion for lack of jurisdiction.
Appellant filed his notice of appeal in this case on August 17, 2009.* Eight days later, on August 25, 2009, Appellant filed a pro se motion to withdraw his plea. On September 25, 2009, the trial court entered an order summarily denying the motion on the merits.
In its denial, the trial court cited Adams v. State, 942 So.2d 1024 (Fla. 4th DCA 2006), for the proposition that it had jurisdiction to consider the motion notwithstanding the previously-filed notice of appeal. Adams is distinguishable because in that case the motion to withdraw the plea was filed before the notice of appeal was filed, and pursuant to Florida Rule of Appellate Procedure 9.020(h)(3), the notice of appeal did not affect the trial court’s ability to rule on the motion. Id. By contrast, in this case, the motion to withdraw the plea was filed after the notice of appeal, which divested the trial court of jurisdiction to consider the motion. See Hines v. State, 32 So.3d 678 (Fla. 1st DCA 2010); Mingo v. State, 914 So.2d 1070 (Fla. 2d DCA 2005); McCray v. State, 840 So.2d 274 (Fla. 4th DCA 2003).
Because the trial court was without jurisdiction to consider Appellant’s motion to withdraw plea, the trial court should have *837 dismissed the motion rather than denying it on the merits. Accordingly, we reverse that order and remand with directions for the trial court to dismiss the motion for lack of jurisdiction.
Judgment and sentence AFFIRMED; order denying motion to withdraw plea REVERSED and REMANDED with directions.
WEBSTER and MARSTILLER, JJ, concur.

 The notice of appeal was technically premature because although the sentencing hearing was held on August 10, 2009, the judgment was not rendered until August 24, 2009, when the written order was filed with the clerk of the trial court. But, pursuant to Florida Rule of Appellate Procedure 9.110(0, the premature notice of appeal was effective to vest jurisdiction in this court upon rendition of the judgment.