PER CURIAM.
 

 Dr. Marc Bosem seeks review of the decision of the Fourth District Court of Appeal in
 
 Bosem v. Musa Holdings, Inc., 8
 
 So.3d 1185 (Fla. 4th DCA 2009), on the ground that it expressly and directly conflicts with a decision of this Court in
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 215 (Fla.1985), on whether a plaintiff is entitled to prejudgment interest on lost profits where the amount of damages was determined by the trial judge in the final judgment. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const. In order to resolve the conflict between these cases, this Court must do nothing more than reassert its established precedent. For the reasons expressed below, we conclude that this Court’s precedent has remained unchanged for over one century, and that prejudgment interest is a matter of right under the prevailing “loss theory” of recovery for pecuniary damages, i.e., damages for economic or tangible losses. Accordingly, we quash the Fourth District’s decision in
 
 Bosem.
 

 BACKGROUND
 

 The facts are summarized in
 
 Bosem v. Musa Holdings, Inc.,
 
 8 So.3d 1185 (Fla. 4th DCA 2009) as follows:
 

 Marc E. Bosem, M.D., Marc E. Bosem, M.D., P.A., d/b/a CorrectVision Laser Institute, (Bosem) brought an action for injunctive relief, fraud, false advertising, and compensatory damages against ... Musa Holdings, Inc., d/b/a Eyeglass World, The Laser Vision Institute, L.L.C., and Marco Musa, (Musa) for Musa’s alleged unauthorized use of Bo-sem’s image or likeness and violation of the Lanham Act, 15 U.S.C. § 1125. The trial court ultimately entered an order granting Bosem’s motion for partial summary judgment and holding that Musa’s use of Bosem’s name, likeness and biography was unauthorized and in violation of section 540.08, Florida Statutes, and the Lanham Act. Accordingly, Bosem’s entitlement to damages was the only issue determined by the subsequent bench trial and is also the only issue before this court on appeal.
 

 ... Bosem argued below, in part, that Musa’s unauthorized use of his image resulted in lost profits because he was forced to reduce the price of his LASIK eye surgery procedure in order to retain patients who had seen Musa’s advertisements in which Musa claimed Bosem would perform the same surgery for less at its centers.
 

 The trial court found that Bosem sustained lost profits in the amount of $93,306 and awarded Bosem prejudgment interest on that amount. In concluding that prejudgment interest was warranted in the present case, the trial court discussed
 
 Air Ambulance Professionals, Inc. v. Thin Air,
 
 809 So.2d 28 (Fla. 4th DCA 2002).
 

 Bosem,
 
 8 So.3d at 1186.
 

 After reviewing its holding in
 
 Air Ambulance Professionals, Inc. v. Thin Air,
 
 
 *44
 
 809 So.2d 28 (Fla. 4th DCA 2002),
 
 [1]
 
 the Fourth District concluded:
 

 In the present case, the amount of damages was never certain until the trial court calculated Bosem’s lost profits. Bosem claimed he had sustained lost profits of between $300,000 and $400,000 and maintained that the period of infringement was from 2000 to 2002. The trial court found that Bosem’s lost profits were actually $93,306 and that the period of infringement was from July 2000 to December 2001. Florida case law suggests that on a claim for lost profits or price-erosion damages, prejudgment interest is not warranted because the amount of damages is generally unknown.... Moreover, “[t]o date, cases recognizing a right to prejudgment interest have all involved the loss of a vested property right,” and anticipated business profits are not a vested property right.
 
 See Scheible v. Joseph L. Morse Geriatric Ctr., Inc.,
 
 988 So.2d 1130, 1134 (Fla. 4th DCA 2008). Therefore, we reverse the award of prejudgment interest. As to all other issues, we affirm.
 

 Bosem, 8
 
 So.3d at 1186-87.
 

 ANALYSIS
 

 Because this is a pure question of law, our standard of review is de novo.
 
 So. Baptist Hosp. of Fla., Inc. v. Welker,
 
 908 So.2d 317, 319 (Fla.2005);
 
 D’Angelo v. Fitzmaurice,
 
 863 So.2d 311, 314 (Fla.2003) (stating that the standard of review for pure questions of law is de novo). To resolve the apparent conflict, we first discuss the case below, then this Court’s holding in
 
 Argonaut,
 
 and finally the nature of recovery under the “loss theory.”
 

 Bosem
 

 After finding that Bosem’s case was not a liquidated damages case, the trial court found that he was nonetheless entitled to prejudgment interest pursuant to what the court considered to be “two conflicting principles enunciated in
 
 Air Ambulance Professionals, Inc. v. Thin Air,
 
 809 So.2d 28 (Fla. 4th DCA 2002).” The trial court explained that the “conflicting principles” were those set forth in
 
 Thin Air,
 
 that only liquidated damage claims generate prejudgment interest, and set forth in
 
 Argonaut,
 
 that Florida follows a “loss theory” where the loss itself is a wrongful deprivation requiring the plaintiff be made whole from the date of the loss once the finder of fact has determined the amount of damages. The trial court declared these principles “totally contradictory in the [cjourt’s view.” As we discuss next, the trial court correctly interpreted this Court’s precedent and Florida’s adoption of the loss theory of recovery for pecuniary damages.
 

 Argonaut
 

 In
 
 Argonaut,
 

 Argonaut Insurance Company paid $249,360.51 to the owners of the Colony
 
 *45
 
 Club Apartments for damages from a fire caused by the negligence of a May Plumbing Company employee. Argonaut then filed a subrogation action against May and its insurers and was awarded a judgment of $187,020.38 after the apartment owners were found to have been 25% contributorily negligent in the fire. The trial court awarded prejudgment interest.
 

 On appeal, the district court reversed the award of prejudgment interest, holding that the comparative negligence factor made the award of damages uncertain and, thus, unliquidated.
 

 474 So.2d at 213. We reversed the district court, explaining, “[Wjhen a verdict liquidates damages on a plaintiff’s out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest ... from the date of that loss.”
 
 Id.
 
 at 215. In issuing this opinion, we noted that we were not making new law, but were “reassert[ing] the stare decisis controlling effect of Supreme Court decisions from the past century, cases from which this Court has never receded.”
 
 Id.
 
 at 214;
 
 see also Sullivan v. McMillan,
 
 37 Fla. 134, 19 So. 340, 343 (1896) (“[Wjherever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date.”) (quoting 1 Theodore Sedgwick,
 
 A Treatise on the Measure of Damages
 
 § 300 (8th ed. 1891));
 
 Jacksonville, Tampa & Key West Ry. v. Peninsular Land, Transp. & Mfg Co.,
 
 27 Fla. 1, 9 So. 661 (1891) (holding that the measure of damages is just compensation in money equal to the value of the property destroyed including interest). We further explained that “since at least before the turn of the century, Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages.”
 
 Argonaut,
 
 474 So.2d at 214.
 
 [2]
 
 As we explained:
 

 Under the “loss theory,” ... neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiffs property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant’s liability therefor.
 

 Id.
 
 at 215. Ultimately, we agreed with the First District Court of Appeal in
 
 Bergen Brunswig Corp. v. State,
 
 415 So.2d 765 (Fla. 1st DCA 1982), that the “better rule” for assessing prejudgment interest is that “a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date.”
 
 Argonaut,
 
 474 So.2d at 214 (quoting
 
 Bergen Brunswig Corp.,
 
 415 So.2d at 767).
 

 We reaffirmed our adherence to the “loss theory” in
 
 Florida Steel Corp. v. Adaptable Developments, Inc.,
 
 503 So.2d 1232, 1236 (Fla.1986) (reaffirming holding in
 
 Argonaut
 
 that the loss theory of prejudgment interest is the law in Florida because “interest is merely another element of pecuniary damages”).
 

 Recovery Under the “Loss Theory”
 

 As we explained in
 
 Argonaut,
 
 “The distinction between liquidated and unliquidated damages is closely linked to [the now obsolete] ‘penalty theory’ of prejudgment interest.”
 
 Argonaut,
 
 474 So.2d at 215. Because “loss theory forecloses discretion in the award of prejudgment interest,”
 
 Argonaut,
 
 474 So.2d at 215, it is irrelevant that the trial court described the
 
 *46
 
 damages in the present case as unliquidat-ed.
 

 Here, Bosem requested purely pecuniary damages of lost profits of at least $300,000, of which he was awarded under $100,000 for the unauthorized use of his likeness. Accordingly, even before the trial court calculated the amount of damages, the amount was ascertainable and not speculative.
 

 “Historically, plaintiffs in personal injury cases have not been entitled to prejudgment interest[, because a]s we explained in
 
 Lumbermens Mutual Casualty Co. v. Percefull,
 
 653 So.2d 389, 390 (Fla.1995), damages in personal injury cases are too speculative to liquidate before final judgment.”
 
 Amerace Corp. v. Stallings,
 
 823 So.2d 110, 113 (Fla.2002). In
 
 Jackson Grain Co. v. Hoskins, 75
 
 So.2d 306, 310 (Fla.1954), we explained that the reason for not allowing prejudgment interest from the date of loss in personal injury actions was that “an exception to the allowance of interest has been made in personal injury cases because of the speculative nature of some items of damage, such as mental anguish, and the indefiniteness of items such as future pain and suffering.”
 
 Amerace,
 
 823 So.2d at 116 (Pariente, J., dissenting) (quoting
 
 Jackson,
 
 75 So.2d at 310). “Thus, it has long been the law in Florida that in contract actions, and in certain tort cases, once the amount of damages is determined, prejudgment interest is allowed from the date of the loss or the accrual of cause of action.”
 
 Id.
 
 at 116 (citing
 
 Jackson,
 
 75 So.2d at 310;
 
 Zorn v. Britton,
 
 120 Fla. 304, 162 So. 879, 880 (1935)).
 

 In all cases, either of tort or contract,
 
 where the loss is wholly pecuniary,
 
 and may be fixed as of a definite time, interest should be allowed as a matter of right, whether the loss is liquidated or unliquidated.... [T]he plaintiff will not be fully compensated unless he receive, not only the value of what he has lost, but receive it as nearly as may be as of the date of his loss.
 

 William B. Hale,
 
 The Law of Damages,
 
 § 67 (2d ed.1912) (emphasis added).
 

 For the reasons expressed above, we find that the Fourth District incorrectly reversed the trial court’s award of prejudgment interest. We therefore quash the district court’s decision. We decline to address the other issues raised by Bosem in this review proceeding.
 

 It is so ordered.
 

 CANADY, C.J., and LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 PARIENTE, J., recused.
 

 [1]
 

 .
 
 Thin Air
 
 concerned a breach of contract action between two former business partners whose sole asset was a Lear jet.
 
 Thin Air,
 
 809 So.2d at 29. Air Ambulance was separately owned by one of the partners and contracted with Thin Air for use of the jet.
 
 Id.
 
 at 30. The dispute began over flight expenses charged by Thin Air. After trial, the jury awarded punitive damages in the amount of $2,000,000 each on both the tortious interference and breach of fiduciary duty claims. In reversing the award, the Fourth District also reversed the award of prejudgment interest, stating "[pjrejudgment interest is allowed on only liquidated claims, that is, sums which are certain, but which the defendant refuses to surrender.”
 
 Id.
 
 at 31 (citing
 
 Argonaut,
 
 474 So.2d at 214-15). It should be noted that
 
 Thin Air
 
 incorrectly interprets
 
 Argonaut
 
 and inexplicably interprets this holding to comply with the "loss theory.”
 
 Thin Air,
 
 809 So.2d at 31 ("Thus, Florida espouses the 'loss theory’ instead of the 'penalty theory.’ ”).
 

 [2]
 

 . We recognized then that prejudgment interest is not recoverable on awards for speculative losses in personal injury claims.
 
 Id.
 
 at 214 n. 1 (citing
 
 Zorn v. Britton,
 
 120 Fla. 304, 162 So. 879 (1935);
 
 Farrelly v. Heuacker,
 
 118 Fla. 340, 159 So. 24 (1935)). We do not recede from this rule in our current decision.