GERBER, J.
The defendant appeals the circuit court’s denial of his motion to dismiss, which preceded his guilty plea. We affirm. The defendant, when pleading guilty, did not expressly reserve the right to appeal the order denying his motion to dismiss as a prior dispositive order of the lower tribunal. See Fla. R.App. P. 9.140(b)(2)(A)(i)(2011) (“A defendant may not appeal from a guilty or nolo contendere plea except as follows: ... A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.”); Leonard, v. State, 760 So.2d 114, 119 (Fla.2000) (“[T]he district courts should affirm summarily ... when the court determines that an appeal does not present ... a legally dispositive issue that was expressly reserved for appellate review. ...”).
The defendant’s brief also argues that the circuit court erred in denying his motion to withdraw plea. However, the defendant filed his notice of appeal of the order denying his motion to dismiss before filing his motion to withdraw plea. Thus, his motion to withdraw plea, and the circuit court’s order denying that motion, are nullities which we may not review in this appeal. See Adkinson v. State, 36 So.3d 836, 836-37 (Fla. 1st DCA 2010) (“[T]he motion to withdraw the plea was filed after the notice of appeal, which divested the trial court of jurisdiction to consider the motion.... Because the trial court was without jurisdiction to consider Appellant’s motion to withdraw plea, the trial court should have dismissed the motion rather than denying it on the merits.”) (citations omitted); Lauderdale Marine Ctr., Ltd. v. MYD Marine Distribs., Inc., 31 So.3d 256, 257 (Fla. 4th DCA 2010) (“This court may review only proceedings occurring prior to the date of appellant’s notice of appeal.”) (citing Fla. R.App. P. 9.110(h)).

Affirmed.

CIKLIN and LEVINE, JJ., concur.