DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A., DEBRA CHARBONNET, THOMAS JOYCE, TERRI JOHNSON, MELISSA LADER BARNHARDT, KIM SCOTT, MARC SPELANE, MICHAEL S. CARRIS,** and **MARK LAKE,**
Appellants/Cross-Appellees,

v.

**LEWIS GOPHER JR., NANCY JIMMIE, PARENT TO MINORS M.J., M.J.,** and **M.J., QUENTIN TOMMIE,** and **PROVIDENCE FIRST TRUST COMPANY, AS GENERAL TRUSTEE OF THE FOURTH SUCCESSOR SEMINOLE TRIBE OF FLORIDA MINORS' PER CAPITA PAYMENT TRUST AGREEMENT DATED JULY 24, 2018,**
Appellees/Cross-Appellants.

No. 4D2023-2442

[October 30, 2024]

Appeal and cross-appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE16-000592.

Jonathan Ellis of McGuireWoods LLP, Raleigh, North Carolina, Jack Aiello, George LeMieux and Michael W. Marcil of Gunster, Fort Lauderdale, and Joshua Wade of McGuireWoods LLP, Richmond, Virginia, for appellants/cross-appellees.

William R. Scherer, William R. Scherer, III, Steven H. Osber, Irwin R. Gilbert, Janine R. McGuire and Eric Hager of Conrad & Scherer LLP, Fort Lauderdale, for appellees/cross-appellants.

PER CURIAM.

Wells Fargo Bank, N.A., and individual defendants who were Wells Fargo's former employees, appeal the circuit court's order granting in part the plaintiffs' motion to plead a claim for punitive damages.[1]  The circuit

---

[1] The plaintiffs filed a cross-appeal challenging the portion of the order that denied them leave to seek punitive damages for their claim that Wells Fargo mismanaged the plaintiff Trust's investments and violated the prudent investor rule.  We affirm the cross-appeal without further comment.

court found a reasonable basis for the plaintiffs to recover punitive damages based on Wells Fargo allegedly breaching its fiduciary duties and charging more than $7 million in unauthorized and undisclosed fees while acting as a trustee. We reverse.

Wells Fargo allegedly violated its fiduciary duties by charging fees not properly disclosed on a fee schedule. However, a breach of a fiduciary duty, alone, does not create an automatic right to plead punitive damages. Rather, the plaintiff also must proffer evidence of fraud, malice, or other misconduct that would justify punitive damages. *See Air Ambulance Pros., Inc. v. Thin Air*, 809 So. 2d 28, 31 (Fla. 4th DCA 2002) (reversing punitive damage award because, although the jury found a breach of a fiduciary duty, the plaintiff did not present any evidence of fraud, malice, or other culpable misconduct). Here, the plaintiffs did not proffer any such evidence.

Similarly, the plaintiff did not proffer any evidence that any "managing agent" of Wells Fargo participated in or condoned the improper charging of the fee. *Napleton's N. Palm Auto Park, Inc. v. Agosto*, 364 So. 3d 1103, 1106–07 (Fla. 4th DCA 2023). As a result, the plaintiffs did not proffer a reasonable evidentiary basis to find employer or corporate liability for punitive damages. § 768.72(3), Fla. Stat. (2023).

Accordingly, the circuit court's order allowing the plaintiffs to plead claims for punitive damages is reversed. As mentioned above, on the cross-appeal, the circuit court's order denying the plaintiffs' motion for leave to seek punitive damages for their claim that Wells Fargo mismanaged the plaintiff Trust's investments and violated the prudent investor rule is affirmed.

*Affirmed in part, reversed in part, and remanded.*

GROSS, FORST and KUNTZ, JJ., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***